**James E. DAWN, Jr., Appellant,**

v.

**STERN EQUIPMENT CO., Inc., a** corporation, Appellee.

No. 1970.

Municipal Court of Appeals District of Columbia.

Submitted May 27, 1957.

Decided Aug. 16, 1957.

Hallock P. Long and Carleton M. Long, Washington, D. C., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee sued for the value of goods sold and delivered, and after trial by jury obtained judgment for $2,500. Appellant advances three reasons why the judgment should be reversed.

Appellant first says the claim was barred by the statute of limitations. The goods—restaurant equipment—were delivered over a period of time without an agreed price, the understanding being that when all equipment was delivered a bill would be submitted. When the bill was submitted the parties violently disagreed as to its reasonableness. Appellant testified that the date of the last delivery was not within three years of the bringing of the action, but the jury found otherwise. Nevertheless appellant says the statute is a bar because the last entry in appellee's record or account sheet was dated more than three years prior to suit. He argues that the statute of limitations begins to run on an account stated from the time it is stated. This argument is based on the erroneous assumption that appellee's record sheet was an account stated. An account stated "presupposes an absolute acknowledgment or admission of a certain sum due, or an adjustment of accounts between the parties, the striking of a balance, and an assent, express or implied, to the correctness of the balance." Falcone v. Paradiso, 60 App.D.C. 348, 350, 54 F.2d 715, 717. There was no such acknowledgment or assent here. Indeed appellant did not see the record sheet until months after it was made and even then he disputed its correctness. Since the parties agreed that submission of a bill was to be deferred until appellant had received all items, we hold that the statute did not begin to run until date of last delivery which, as we have said, the jury found was within the three-year period.

Appellant also argues that limitations should bar the action because of an amendment to the complaint changing it from one on a note to one for the value of the goods. He says the amendment stated a new cause of action. It is clear, however, that the claims under both the original complaint and the amended one were based on the same transaction, namely, the sale of the goods. The original complaint was drawn on the theory that appellant had executed a promissory note for the value of the goods and that such note had been lost. The fact was that no such note had been executed. We think the amendment

was proper and that it related back to the date of the original complaint.[1]

 Appellant's second contention is that appellee corporation had no standing to recover on the claim in suit. This contention is based on the fact that the suit was originally brought in the name of Abram E. Stern, Inc., a corporation. It developed at trial that this corporation was no longer in existence and that the goods probably had been sold by its successor, Stern Equipment Company, a Delaware corporation, which in turn had been succeeded by Stern Equipment Company, a District of Columbia corporation. With consent of appellant, the District of Columbia corporation was substituted as party plaintiff. Appellant's contention is that the substituted plaintiff did not establish its right to sue for the value of goods which admittedly it did not sell. Although the succession of the new corporation to the assets of the old one was not as clearly shown as should have been, Mr. Stern, who was president and sole stockholder of both corporations, testified that the new corporation took over all the assets of the old one and that there was an uninterrupted continuation of the same business. In the absence of any testimony to the contrary, we think there was sufficient proof of the right of the substituted plaintiff to maintain the action.

 Appellant's final argument is that an action for the value of goods cannot be maintained when the goods were sold at an agreed price. This argument is based on the incorrect assumption that there was an account stated between the parties. We have previously pointed out that there was no account stated and no agreement as to prices.

Affirmed.

1. Municipal Court rule 15(c), based on Federal Rule of Civil Procedure 15(c), 28 U.S.C.A. This rule is given liberal application. 3 Moore's Federal Practice § 15.15; Barron and Holtzoff, Federal Practice and Procedure § 448.