**UNITED STATES of America at the Relation of and for the Use of FLYNN'S CAMDEN ELECTRIC SUPPLY CO.**

v.

**HOME INDEMNITY INSURANCE CO.**

**Civ. A. No. 36436.**

United States District Court
E. D. Pennsylvania.
Aug. 18, 1965.

Marvin Krasney, of Adelman & Lavine, Philadelphia, Pa., for plaintiff.

Paul J. Donnelly, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case is before the court on the Petition of the plaintiff to amend its Complaint filed February 4, 1965 (Document 4).

On August 31, 1964, the use plaintiff (hereinafter called "Supply Co." or "plaintiff") instituted the present action against the defendant (hereinafter called "Home") under the Miller Act, 40 U.S. C. § 270a, for the sum of $3879.81. Plaintiff's claim is based on the allegation that it is an unpaid materialman of a contractor, Hytron Corporation ("Hytron"), which performed work for the United States Government at the Philadelphia Navy Yard. Home was the surety on various Government contracts for Hytron at the Navy Yard. Plaintiff's suit was based on Government Contract No. NBY48327. The defendant filed an answer on September 17, 1964 (Document 2), in which it admitted to being surety on the above contract and stating generally that it was without knowledge or information as to the truth of the averments in the Complaint which related to the furnishing of materials to the contractor by the plaintiff.

On October 15, 1964, Home filed an action in interpleader, entitled The Home Indemnity Co. v. Burdette Oxygen Co., Civil Action No. 36663, naming Supply Co. as one of the defendants in the proceeding. At this point, Supply Co. learned of the existence of more than one bond and more than one job being performed by Hytron as a contractor at the Philadelphia Navy Yard. As a result of a conference with Home's counsel, Supply Co. learned in December 1964 that the contractor had five contracts at the Philadelphia Navy Yard for remodeling and repairing five different buildings and each contract was covered by a separate bond written by the defendant surety company.

■ The Miller Act, 40 U.S.C. § 270a et seq., was set up to protect those who furnish labor and material in the performance of Government work. It accomplishes this purpose by requiring that, before any contract exceeding $2000. in amount for the construction or alteration of a public building or work is awarded to any person, such person must furnish to the United States a bond with a surety for the protection of all persons supplying labor and material on this contract. If a person supplying labor or material has not been paid after the expiration of 90 days from the day on which the last of the labor or material was furnished, he may sue the surety on the above bond for the amount of his claim against the contractor. 40 U.S. C. § 270b. However, Congress has provided that " * * * no such suit shall be commenced after the expiration of one year after the day on which the last of the * * * material was supplied by him." See 40 U.S.C. § 270b(b).

The plaintiff has discovered that, according to the records of the contractor, more than one year has passed since the last material was supplied to Hytron on three of the jobs it performed at the Navy Yard and, in paragraph 8 of its Petition to amend its Complaint, admits that it is barred from instituting suit directly against the surety on the bonds on these three contracts by the above one-year statute of limitations of the Miller Act.[1] This Petition also seeks to amend the Complaint to cover a claim for goods supplied to Hytron under Contract NBY-48253 (see 7(d) of the Petition). Plaintiff, by this Petition, seeks to amend its original Complaint to include all the bonds which it has discovered cover the contracts for which it has supplied material.

The plaintiff's argument basically is that it delivered the materials in question to the contractor at the Navy Yard and these were applied to various jobs

which the contractor was conducting at the Navy Yard. The plaintiff was unaware of the fact that Hytron had more than one Government contract and that it was allocating materials delivered by the plaintiff to more than one contract. Plaintiff contends that when it instituted the present action, its intent was to include the claims for all the material delivered and that it had no way of knowing that all the material which had been furnished to Hytron was not used on one contract. It now seeks to conform the Complaint to information acquired subsequent to the filing of the Complaint during discovery.

■ Plaintiff relies exclusively on F. R.Civ.P. 15(a) and the general rule of liberality in allowing amendments by leave of court. As stated by Professor Moore, this liberality is allowed "for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, *the opposing party will not be unduly prejudiced,* and the trial of the issues will not be unduly delayed." (Emphasis added.) [2] In the instant case, the opposing party will unquestionably be unduly prejudiced if it is precluded from pleading the statute of limitations, which it could otherwise raise if new suits were brought for material supplied on these subsequently discovered contracts.

■■ As previously stated, the purpose of the Miller Act was to protect those furnishing labor and materials for Government contracts. This was done by creating a remedy for the supplier through setting up a liability in a surety on Government contracts. The protection given to these suppliers was the right to sue the surety on the particular bond covering the contract under which material was supplied. § 2 of the Miller Act, 40 U.S.C. § 270b(a) states:

"Every person who has furnished labor or material * * * in respect

---

1. Paragraph 8 of the Petition represents that "these claims will be barred by the aforesaid statute of limitations."

2. 3 Moore's Federal Practice § 15.08(2), pp. 874–5.

of which a payment bond is furnished * * * and who has not been paid in full therefor * * * shall have the right to sue on such payment bond for the amount, or the balance thereof * * *."

Thus, a cause of action is created on each individual payment bond for an express period of time which is stated elsewhere in the statute. See 40 U.S.C. § 270b(b). The commencement of an action within the time limitation is a condition precedent to an action by a materialman under the Miller Act. United States for Use of Soda v. Montgomery, 253 F.2d 509 (3rd Cir. 1958); see, also, cases cited at pages 4 & 5 of defendant's brief (Document 7). By seeking in the instant case to add to the Complaint claims related to (a) the other contracts set forth in subparagraphs 7a–7c of the Petition and (b) consequently other bonds supplied under those contracts, the plaintiff is attempting to add new causes of action to the Complaint, which causes of action could not be brought directly against the defendant due to the passage of the statute of limitations. This case is distinguishable from those cases cited in the plaintiff's brief (Document 6) where amendments were allowed, as in those cases no undue prejudice resulted to the opposing party by allowing the amendment.

 In United States for Use and Benefit of General Electric Co. v. Southern Construction Company, 236 F.Supp. 742 (W.D.La.1964), the court applied the one-year statute of limitations rigorously, interpreting the statute to start running on the date that the supplier last furnished the particular material for which he claimed payment, using this language at p. 744:

"The time limit provided in this section for the institution of suit is a limitation on the liability itself, and not of the remedy alone."

Thus, once a year has passed from the last date of furnishing of particular material without a suit being instituted against the surety on the payment bond, such surety is no longer liable if the contractor defaults in payment for this material.

Plaintiff makes a strong equitable argument that he has delivered materials to the same place within a single Government compound and that he had no way of knowing how the contractor would allocate these materials. However, this is an argument for the legislature and this court does not have the right to usurp the functions and powers of Congress.

The plaintiff's Motion to Amend the Complaint will be denied, except as to the claim specified in 7(d) of the Petition, since the application of the statutory period provided for in 40 U.S.C. § 270b(b) to that claim is not conceded in paragraph 8 of the Petition (Document 4).