UNITED STATES of America for the Use and Benefit of Lawrence C. GUTMAN as Trustee in Bankruptcy of Gothic Altar Studio, Inc., Plaintiff,

v.

The P. J. CARLIN CONSTRUCTION COMPANY and Atlas Tile and Marble Works, Inc., doing business as Carlin-Atlas, a Joint Venture, Maryland Casualty Company, American Employers Insurance Company, American Re-Insurance Company, General Reinsurance Corporation, and the Travelers Indemnity Company, Defendants.

No. 65–C–671.

United States District Court
E. D. New York.

Oct. 14, 1965.

M. Carl Levine, Morgulas & Foreman, by Jerrold Morgulas, New York City, for defendants.

Sidney H. Reich, White Plains, N. Y., for plaintiff.

RAYFIEL, District Judge.

The defendants P. J. Carlin Construction Company and Atlas Tile and Marble Works, Inc., doing business as Carlin-Atlas, a Joint Venture, (Carlin-Atlas) were general contractors engaged in the construction of the Federal Court House in Brooklyn, New York. The plaintiff is the trustee in bankruptcy of Gothic Altar Studio, Inc., (Gothic) the use plaintiff herein, which, as subcontractor, entered into an agreement with Carlin-Atlas to perform certain work and furnish certain material and equipment in connection with said construction project. The defendant insurance companies are the sureties under a standard bond furnished by Carlin-Atlas to the United States pursuant to the provisions of the Miller Act (Section 270a(a) (2) of Title 40, U.S.Code.)

The plaintiff brings this action to recover damages alleged to have been sustained by Gothic solely by reason of misrepresentations made and delays occasioned by Carlin-Atlas, claiming that this Court has jurisdiction under Section 270a(a) and (b) of said Title, and also on the basis of diversity of citizenship of the parties. The complaint alleges that the plaintiff and the defendants Carlin-Atlas, American Re-Insurance Company and General Reinsurance Corporation are citizens of New York State and the remaining defendants citizens of foreign states.

The defendants have moved under Rules 12(b) (6) and 12(b) (2) of the Federal Rules of Civil Procedure to dismiss the complaint herein on the grounds, respectively, that the complaint fails to

state a claim upon which relief can be granted and that the Court lacks jurisdiction of the parties.

 The defendant insurance companies contend that, being sureties under the Miller Act, they may not be held liable for damages sustained by reason of misrepresentations of or delays occasioned by their insured. I agree. The bond furnished by them is conditioned, as provided by Section 270a(a) (2), supra, for the payment of any sums due a subcontractor, (Gothic, in this case) *for labor performed or materials furnished.* The purpose and intent of the Miller Act is to protect subcontractors engaged in federal construction projects against defaults in payment for labor or material furnished by them, but not more, and no claim is made in the complaint herein that there has been any such default by Carlin-Atlas.

 The defendants' contention is amply supported by L. P. Friestedt Co. v. U. S. Fireproofing Co., 10 Cir., 125 F.2d 1010 and United States, to Use of Watsabaugh & Co. v. Seaboard Surety Co., D.C., 26 F.Supp. 681, affirmed 9 Cir., 106 F.2d 355, from which they have quoted at considerable length, and Arthur N. Olive Co. v. United States, 1 Cir., 297 F.2d 70, and a number of other authorities, which hold, generally, that claims such as those alleged in the instant case do not come within the purview of the Miller Act.

Accordingly, the complaint, so far as it states a cause of action under said Act, is dismissed.

 The plaintiff may, of course, prosecute an action against Carlin-Atlas to recover the damages alleged in the complaint, but this Court would have no jurisdiction thereof, inasmuch as there is no diversity of citizenship of the parties involved, all being citizens of the State of New York.

Therefore the defendants' motion is in all respects granted.

Settle order on notice.