HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

DISTRICT OF COLUMBIA, et al., Cross-Appellants,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Cross-Appellee.

Nos. 80-581, 80-748.

District of Columbia Court of Appeals.

Argued May 6, 1981.

Decided Feb. 2, 1982.

George B. Reynolds, Washington, D. C., with whom Francis J. Pelland, Washington, D. C., was on the brief, for Hartford Acc. and Indem. Co.

Christopher M. Kerns, Washington, D. C., for the District of Columbia, et al.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

MACK, Associate Judge:

This action was brought under D.C.Code 1973, § 1–804b[1] in the name of the District of Columbia for and on behalf of Heller Electric Co., Inc. (Heller) against Weiss Construction Inc. (Weiss) and Weiss' surety, Hartford Accident and Indemnity Company (Hartford).

In 1975 the District of Columbia entered into a public contract with Weiss for the construction of the Wheatley Playground Addition. Heller, as a subcontractor of Weiss, performed electrical work on the project. In accordance with D.C.Code 1973, § 1–804a, *as amended*, Pub.L.No.93–89, § 501, 87 Stat. 305, Weiss, as the prime contractor, furnished a payment bond secured from Hartford to protect persons supplying labor and material under the prime contract.[2]

In June 1978 Heller filed a complaint against Weiss and Hartford claiming that Heller's property was vandalized as a result of Weiss' failure to provide adequate security at the job site. In addition, Heller sought recovery of costs incurred as a result of performance delays. An amended complaint, filed August 24, 1979, added a claim for the unpaid balance of the contract. The trial court awarded $31,179 against Weiss and Hartford for the contract balance (including $5,700 vandalism damages, $1,949 telephone conduit change, $15,258 "BCD change # 4" and $8,272, original contract balance); $2,500 for the preparation of a damage estimate; and $1,200 for off-site storage costs. Delay damages totalling $24,169 were awarded against Weiss while only $8,502 in delay damages were awarded against Hartford. Both Hartford and Heller appeal from the judgment. We affirm in part and reverse in part.

While Hartford raises several issues on appeal, it is primarily alleged that the trial court erred (1) in permitting the amended complaint to relate back to the date of the

1. Section 1–804b states in relevant part:

§ 1–804b. Rights of laborers and materialmen to sue on payment bonds—Prior notice of claim required in certain cases—Time limitations—Suit to be brought in name of District of Columbia.

(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this Act and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final judgment and execution for the sum or sums justly due him . . . .

(b) Every suit instituted under this section shall be brought in the name of the District of Columbia for the use of the person suing, in the Superior Court of the District of Columbia, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The District of Columbia shall not be liable for the payment of any costs or expenses of any such suit.

2. In effect, the payment bond provides "an alternative remedy to the mechanics' liens ordinarily available on private construction projects." *J. W. Bateson & Co. v. Board of Trustees*, 434 U.S. 586, 98 S.Ct. 873, 55 L.Ed.2d 50 (1978).

filing of the original complaint; (2) in holding the surety liable for delay damages; and (3) in denying permission to Hartford and Weiss to amend their answer to add a compulsory counterclaim.

Heller on cross-appeal claims that the trial court erred in denying prejudgment interest on certain claims and in failing to award delay damages for supervisory time and unabsorbed overhead.

## I.

We address initially Hartford's allegation that the trial court erred in allowing Heller's August 24, 1979 amended complaint for the unpaid balance on the subcontract to relate back to the date of the filing of the initial complaint—June 29, 1978.[3]

■ Super.Ct.Civ.R. 15(c) provides for the relating back of an amendment to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, *transaction* or occurrence set forth or attempted to be set forth in the original pleadings"[4] (emphasis added). Further, the amended complaint relates back where "the initial complaint put the defendant on notice that a certain range of matters was in controversy and the amended complaint falls within that range." *Jackson v. Airways Parking Co.*, 297 F.Supp. 1366, 1382 (N.D. Ga.1969).[5]

■ The June 1978 complaint alleged jurisdiction of the Superior Court pursuant to D.C.Code 1973, §§ 1–804b and 11–921 and put Weiss and Hartford on notice that Heller was seeking damages for breach of the prime contract and subcontract.

In July 1979 Heller received notification that its subcontract with Weiss was terminated. Heller promptly filed an amended complaint adding a claim for the balance due under the subcontract. Thus, the new claim arose from the "same transaction" as the initial complaint—namely, the subcontract between Weiss and Heller. In view of the fact that the amendment was made several months before the May 1980 trial, Hartford had ample notice and time to prepare its defense against the new claim. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966). Accordingly, we find the relating back of the amendment to the date of the original complaint to have been proper.

■ Hartford, relying on *Lite-Air Products, Inc. v. Fidelity & Deposit Co. of Maryland*, 437 F.Supp. 801, 804 (E.D.Pa.1977) and *United States v. P. J. Carlin Construction Co.*, 254 F.Supp. 1001, 1002 (E.D.N.Y.1965), next claims that the trial court erred in holding the payment bond surety liable for damages to the subcontractor resulting from a delay in performance.

While some courts have interpreted the Miller Act[6] (the federal counterpart to § 1–804a *et seq.*) as denying recovery from the surety for delay damages, we adopt the interpretation of the Act found in *United States f/u/b Mariana v. Piracci Construction Co., Inc.*, 405 F.Supp. 904 (D.D.C.1975). We find the rationale of that decision to be persuasive. The payment bond was designed to protect subcontractors supplying labor and material to a government project.

*United States f/u/b Flynn's Camden Elec. Supply Co. v. Home Indem. Ins. Co.*, 246 F.Supp. 27 (E.D.Pa.1965); *United States f/u/b E. & R. Constr. Co. v. Guy H. James Constr. Co.*, 390 F.Supp. 1193 (M.D.Tenn.1972). *See generally Strother v. District of Columbia*, D.C.App., 372 A.2d 1291, 1297–99 (1977), which affirmatively resolved the narrow issue of whether an amendment seeking to change the legal capacity in which the plaintiff brings suit relates back to the date of the original filing.

3. It is Hartford's contention that no labor or work was performed by Heller within one year of the filing of the amended complaint, as required by D.C.Code 1973, § 1–804b(b). Thus, the count is barred unless the amended complaint relates back to the date of the filing of the initial complaint.

4. Super.Ct.Civ.R. 15(c), which is based on Fed. R.Civ.P. 15(c), is to be applied liberally. *Dawn v. Stern Equipment Co., Inc.*, D.C.Mun.App., 134 A.2d 341 (1957).

5. *See, e.g., Security Ins. Co. v. United States f/u/b Haydis*, 338 F.2d 444 (9th Cir. 1964);

6. *See* 40 U.S.C. § 270a *et seq.* (1970).

Thus, the expenses incurred by the subcontractor as a result of the delay are within the clear purpose of the statute. Further, the public interest in completion of public projects is promoted "by reducing the possibility that delay will frustrate the governmental objective due to disputes between the prime and its subs." *Id.* at 907. Accordingly, we hold that a § 1–804b "surety is liable to a subcontractor for increased costs actually incurred due to delay for labor or material, to the extent such delay is not attributable to the subcontractor." *Id.* at 906.

■ Hartford also alleges that the trial judge abused her discretion when she denied it and Weiss permission to amend their answer to include a compulsory counterclaim that Heller installed inferior quality fixtures in a violation of the subcontract and specifications.

In support of the motion to amend their answer, appellant and Weiss contended that they first became aware of the inferior quality of the fixtures in April 1980 when the contractor hired to complete the electrical work on the project informed them that certain installed fixtures were inferior to those set out in the contract specifications.

"Leave to file an omitted counterclaim beyond the proper time limitations should be granted where the court, in its discretion, determines that the omission is the result of 'oversight, inadvertence, or excusable neglect,' or where justice so demands." *Bronson v. Borst*, D.C.App., 404 A.2d 960, 963 (1979) quoting from Super.Ct.Civ.R. 13(f). *See also Randolph v. Franklin Investment Co.*, D.C.App., 398 A.2d 340 (1979).

In reviewing the trial court's exercise of discretion, we consider several factors including "the number of such requests, the length of the pendency of the trial, the number of the previous continuances, the existence of bad faith or dilatory motive, the merit of the counterclaim, and the existence of prejudice to the other party." *Bronson, supra* at 963.

Review of the record discloses: (1) the suit had commenced two years earlier; (2) the defendants had previously been granted permission to amend their answer; (3) two prior continuances had been granted at the defendants' request; (4) the request was made approximately two weeks prior to the scheduled trial date; and (5) with the exercise of reasonable diligence, inferior quality fixtures could have been detected earlier.

On this record, we find that the trial judge did not abuse her discretion in denying the motion to amend answer to include a counterclaim.

■ Hartford further contends that the trial court erred in considering claims for preparation of a water damage estimate and for storage of materials. Specifically, Hartford alleges that (1) the claims are not cognizable under § 1–804b and, in any event, (2) the claims were not included in the pleadings.

We find these costs to be cognizable under § 1–804b. The estimate was prepared at the direction of Weiss and, in effect, became part of the contract. The storage of material off-site became necessary when the roof at the project site began leaking. We also note that recovery of storage costs is permissible under the Miller Act. *United States f/u/b Mariana v. Piracci Construction Co., Inc., supra.*

While the amended complaint does not specify the costs of preparing the estimate or of storing material, the deposition of Heller's president, taken four months prior to trial, notified appellant of appellee's intention to seek damages for these items. *See Jess Fisher & Co., Inc. v. Darby*, D.C. Mun.App., 96 A.2d 270 (1953); *cf. Randolph v. Franklin Investment Co.*, D.C.App., 398 A.2d 340, 350–51 (1979) (en banc); *Moore v. Moore*, D.C.App., 391 A.2d 762, 767–69 (1978). In view of this notice, appellant's ability to defend against the claims was not prejudiced and the trial court did not err in considering them.

■ Finally, Hartford contends that the evidence does not support the award of $8,502 for delay damages, $3,700 for off-site storage costs and preparation of a water damage estimate; $5,700 for vandalism

damages; $1,949 for telephone entrance change and $15,258 for change order "BCD No. 4."

Having reviewed the record, we hold that, with the exception of "BCD No. 4," the trial court's judgment was based upon sufficient evidence.[7] *United States f/u/b Mariana v. Piracci Construction Co., Inc., supra* at 907 n.7.

With respect to "BCD No. 4," we note that the District of Columbia agreed to $15,258 for completion of the work and appellee concedes that work worth $400 was not performed. Thus, the trial court's award of $15,258 should be reduced to $14,858.

## II.

On cross-appeal Heller, relying on D.C. Code 1973, § 15–108,[8] claims that the trial judge erred in finding that the amount due under the contract remained in dispute until entry of judgment and in failing to award prejudgment interest.

Specifically, Heller contends that certain claims were liquidated—namely, the outstanding balance under the contract; the losses incurred as a result of vandalism; the telephone change order; and change order "BCD No. 4."

■ A debt is liquidated if "at the time it arose, it was an easily ascertainable sum certain." *Kiser v. Huge,* 170 U.S.App.D.C. 407, 421, 517 F.2d 1237, 1251 (1974).

■ Having reviewed the pleadings, exhibits and judgment, we note that the amounts claimed by Heller for the unpaid balance of the contract and for change order "BCD No. 4" fluctuated throughout the litigation and were thus not liquidated. With respect to the award of $1,949.08 for the telephone change order, the record indi-

cates that as early as November 1976 Heller sent to Weiss an estimate for the order in the sum of $1,949.08. Although the complaint alleged vandalism damages in the sum of $6,548, we note that in May 1977 Weiss authorized replacement expenditures totalling $5,700, the amount awarded by the court. Thus, at the time the debt arose the liability of Weiss and its surety was, at a minimum, $5,700. Since the telephone change order and the vandalism damages were liquidated, we remand to the trial court with instructions to award prejudgment interest.

■ Heller also appeals the trial judge's refusal to award extended overhead damages against Hartford while awarding such damages against Weiss. Heller contends that the trial judge's decision was based on an erroneous belief that overhead delay damages are not recoverable from a surety.

The court found that with respect to Hartford the evidence was insufficient to prove "out-of-pocket extended unabsorbed overhead." Thus, the *trial court recognized* that overhead costs may be awarded against a surety where the party demonstrates with reasonable certainty and specificity that the increased costs resulted from the delay. *United States f/u/b Mariana v. Piracci Construction Co., Inc., supra* at 907 n.7.

On this record we cannot say that the trial court's finding of insufficient evidence is plainly wrong or without evidence to support it. D.C.Code 1973, § 17–305.

■ Finally, Heller alleges that the trial court erred in declining to award delay damages for 71 days of additional supervision.

The trial court found that the evidence suggested "something less than 71 days but

7. While Heller's exhibits at trial summarized its claims, Heller's president and job supervisor gave detailed testimony concerning them. In addition, appellant's counsel was given the opportunity pretrial to review Heller's records.

8. Section 15–108 states:
In an action in the United States District Court for the District of Columbia or the Supe-

rior Court of the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

exactly how many days the Court is not at this time prepared to say." Alternatively, the court held that an award of damages where the supervisory time was charged to other projects would result in unjust enrichment.

We agree with Heller that the posting of the Wheatley supervisory time to other projects for bookkeeping purposes only does not bar recovery on the basis of unjust enrichment.[9] Accordingly, we remand to the trial court for a determination of the number of days of additional supervisory time expended by Heller.

In conclusion, as to the cross-appeal brought by Heller (No. 80–748), we affirm the trial court's holding that extended overhead damages are not recoverable against Hartford. We remand to the trial court for entry of prejudgment interest with respect to the vandalism claim and the telephone change order and determination of the number of supervisory days incurred as a result of the delay in performance.

As to the appeal by Hartford (No. 80–581), we affirm the trial court's actions in permitting Heller's amended complaint to relate back to the date of filing of the original complaint and in awarding damages for telephone entrance work, preparation of a water damage estimate, storage of materials, vandalism and delay costs. With respect to "BCD No. 4," we remand for reduction of the award to $14,858. We find no abuse of discretion in the trial court's denial of permission to Hartford and Weiss to amend their answer to include a counterclaim.

*So ordered.*

FERREN, Associate Judge, concurring in part and dissenting in part:

I generally concur in the opinion for the court but dissent in one respect. In *United States f/u/b Mariana v. Piracci Construction Co.,* 405 F.Supp. 904 (D.D.C.1975), the court noted that claims for delay damages must be proved "with reasonable certainty and specificity." *Id.* at 907 n.7. Given this test, I do not believe the trial court's $8,502 award of delay damages to appellee is supportable on this record.

9. Heller contends that it received no compensation for these hours.