CELLU PRODUCTS COMPANY v. G.T.E. PRODUCTS CORP., ET ALS

No. 8525SC1386

(Filed 17 June 1986)

1. **Limitation of Actions § 4.2— fire caused by exploding lamp—action for damages barred by statute of limitations**

    Plaintiff's action to recover damages for a fire allegedly caused by the explosion of a lamp manufactured by defendant was barred by N.C.G.S. § 1-50(6) since 7 July 1978 was the latest possible date of purchase by plaintiff, but plaintiff did not file its complaint until 6 November 1984, more than six years later.

2. **Rules of Civil Procedure §§ 34, 56— discovery not completed—granting of summary judgment—no prejudice**

    Plaintiff suffered no prejudice because the court granted summary judgment for defendant prior to the completion of discovery, since the information sought by plaintiff in discovery was not material to the pertinent dates under the statutes which controlled the disposition of the case.

APPEAL by plaintiff from *Saunders, Judge*. Order entered 29 August 1985 in Superior Court, CALDWELL County. Heard in the Court of Appeals 14 May 1986.

This action was instituted on 6 November 1984. The complaint alleged that a fire occurred on 28 March 1983 at the plaintiff's Warrior No. 2 plant in Lenoir and that this fire was caused by the explosion of a Sylvania 1000-watt Metalarc lamp manufactured by the defendant, G.T.E. Products Corporation, distributed by the defendant, Mid-State Electric Distributors, Inc., and installed as part of the plaintiff's Warrior No. 2 plant by the defend-

ant, George Bolick, electrical subcontractor for the general contractor, defendant Wilkie Construction Company, Inc.

The amended complaint alleged five claims for relief, including (i) breach of implied warranties of merchantability, (ii) negligence in the design and inspection of the lamps and in the failure to warn plaintiff about the lamps' purported potential for explosion, (iii) breach of implied warranties of fitness for intended purpose, (iv) breach of express warranties, and (v) defective manufacture.

Defendants answered and later moved for summary judgment on the grounds, *inter alia*, that the action was barred by the statutes of repose, G.S. 1-50(5) and G.S. 1-50(6), and the statutes of limitation, G.S. 25-2-725 and G.S. 1-52(1). On 29 August 1985, the court granted defendants' motion for summary judgment. Plaintiff appealed.

*Patrick, Harper and Dixon by Stephen M. Thomas for plaintiff-appellant.*

*Miller, Johnston, Taylor and Allison by Robert J. Greene, Jr. for defendant Wilkie Construction Company.*

*Moore, Van Allen, Allen and Thigpen by Daniel G. Clodfelter and Charles E. Johnson for defendant G.T.E. Products Corporation and defendant Mid-State Electric Distributors, Inc.*

*Tate, Young, Morphis, Bach and Farthing by Edwin C. Farthing for defendant George Wade Bolick, d/b/a Bolick Electric Company.*

PARKER, Judge.

The test on a motion for summary judgment is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E. 2d 584 (1980).

[1] Defendants filed supporting affidavits showing that the initial sale of the Metalarc lamps by G.T.E. to Mid-State, and subsequent sale by Mid-State to Bolick occurred no later than 30 August 1977. Wilkie completed all construction at the plant on or

before 30 April 1978. Several replacement lamps were shipped directly from G.T.E. to Bolick during this interval, and Bolick completed installation of the replacement lamps on 7 July 1978.

Based on this evidence, defendants contend that this case is controlled by G.S. 1-50(6) which provides:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

Defendants assert that even using the latest possible date, 7 July 1978, as the final date of purchase by plaintiff or any defendants of Metalarc lamps, the action is barred by G.S. 1-50(6) because plaintiff did not file its complaint until 6 November 1984, more than six years later.

On a motion for summary judgment, the moving party has the burden of establishing that there is no genuine issue as to any material fact. Once the moving party has met its burden, the opposing party may not rest on the mere allegations or denials of his pleading. Instead, the opposing party must set forth specific facts showing that there is a genuine issue for trial, either by affidavits or as otherwise provided in G.S. 1A-1, Rule 56. If the opposing party is unable to present the necessary opposing material, he may seek the protection of section (f) of this rule, which gives the trial court discretion to refuse the motion for judgment or order a continuance. *Gillis v. Whitley's Discount Auto Sales*, 70 N.C. App. 270, 319 S.E. 2d 661 (1984).

The record reveals that plaintiff filed no affidavits, depositions or interrogatory answers to controvert any of defendants' affidavits. Apart from its unverified amended complaint, plaintiff offered only its unverified responses to requests for admissions which had been served by G.T.E., Mid-State and Wilkie Construction. The record does reflect that three sets of requests for admissions were filed by plaintiff, but the parties consented to extensions of time for defendants to respond, and the answers were not yet due at the time of hearing on the motion for summary judgment. The mere failure of the nonmoving party to respond with opposing affidavits or depositions does not automati-

Cellu Products Co. v. G.T.E. Products Corp.

cally mean that summary judgment is appropriate, and the moving party must still succeed on the strength of its evidence. *Perry v. Aycock*, 68 N.C. App. 705, 315 S.E. 2d 791 (1984).

[2]   Although ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending, *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 291 S.E. 2d 892, *disc. rev. denied*, 306 N.C. 555, 294 S.E. 2d 369 (1982), we note that the information sought by plaintiff is not material to the pertinent dates under the statutes which control the disposition of this case. Thus, plaintiff suffered no prejudice because the court granted the summary judgment motion prior to the completion of discovery. Moreover, the record does not reflect that plaintiff sought the protection provided in G.S. 1A-1, Rule 56(f).

Finally, plaintiff's assertion that "[i]t did not contract to purchase the lamps in question any more than it contracted to purchase nails, timber, plumbing fixtures or roofing shingles," and rather, that it contracted for the construction of an improvement to real estate, must also be rejected for the reason that G.S. 1-50(5) provides a limit of six years "from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement."

Wilkie's affidavit stated that construction of the plant was completed on or before 30 April 1978. Even if Wilkie submitted its last application for payment on 20 November 1978, and did not accept final payment until after 19 January 1979, as plaintiff wishes to prove, these dates would not control under G.S. 1-50(5).

Whether a statute of repose has expired is strictly a legal issue, *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983), and where, as here, the pleadings and proof show without contradiction that the statute has expired, then summary judgment may be granted. *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E. 2d 273, *disc. rev. denied,* 312 N.C. 796, 325 S.E. 2d 485 (1985).

Plaintiff's remaining arguments are being presented for the first time on this appeal. Appellate courts can only judicially

know what appears of record, *Griffin v. Barnes*, 242 N.C. 306, 87 S.E. 2d 560 (1955), and we will not pass upon questions not presented and ruled upon by the trial court.

The decision of the trial court entering summary judgment in favor of all defendants is

Affirmed.

Judges WELLS and MARTIN concur.