PYCO SUPPLY COMPANY, INC. v. AMERICAN CENTENNIAL INSURANCE
COMPANY v. CAROLINA ROAD BUILDERS, INC., H. KEITH DUNCAN,
CURTIS L. CLARK, PATTY D. CLARK, LEONARD SIMMONS AND BETTY
M. SIMMONS

No. 8617SC684

(Filed 7 April 1987)

1. **Limitation of Actions § 1; Principal and Surety § 9.1— statutory limitation period—reduction by contract not permitted**

     To the extent that provisions in a construction bond would reduce the
     limitation period allowed under N.C.G.S. § 44A-28(b), they are disregarded.

2. **Limitation of Actions § 4.3; Principal and Surety § 9.1— construction payment bond—statute of repose**

     The one-year limitation on construction payment bonds set forth in
     N.C.G.S. § 44A-28(b) constitutes a statute of repose, compliance with which is
     a condition precedent to defendant insurer's liability to plaintiff.

3. **Limitation of Actions § 12.4; Principal and Surety § 9.1— liability terminated—amendment of pleadings—no relation back—liability not revived**

     Where, pursuant to N.C.G.S. § 44A-28(b), the applicable statute of repose,
     defendant's liability on a construction payment bond terminated on 7 March
     1985, one year after all work under the contract ceased, plaintiff's motion to
     amend its action to allow recovery, filed on 24 October 1985, could not revive
     defendant's liability, irrespective of any "relation back" under N.C.G.S. § 1A-1,
     Rule 15(c).

4. **Limitation of Actions § 4.3; Principal and Surety § 9.1— contract—issue as to date of "final settlement"—commencement of period of repose in question**

     Where a genuine issue of material fact existed as to the date of "final settlement" between a contracting town and a contractor, and it therefore could
     not be determined when the period of repose commenced, summary judgment
     for either party was inappropriate.

     Chief Judge HEDRICK dissenting.

APPEAL by defendant American Centennial Insurance Company from *Rousseau, Judge.* Judgment entered 6 March 1986 in Superior Court, SURRY County. Heard in the Court of Appeals 5 January 1987.

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks and B. Danforth Morton, for defendant-appellant.*

*Weinstein & Sturges, P.A., by Hugh B. Campbell, Jr., and Michel C. Daisley, for plaintiff-appellee.*

GREENE, Judge.

This is an appeal from a summary judgment for plaintiff on a construction payment bond. The pleadings and affidavits before the trial court tended to show that, on or about 28 September 1982, the Town of Pilot Mountain, North Carolina let four contracts for the construction of water pipeline improvements. Carolina Road Builders, Inc. (hereinafter, "CRB") won three of the four contracts. As required under N.C. Gen. Stat. Sec. 44A-25 *et seq.* (1984), CRB gave three payment bonds respectively covering each of the three water project contracts. American Centennial Insurance Company (hereinafter, "American" or "defendant") executed all three payment bonds as surety for payment of labor and materials furnished in connection with CRB's three contracts. Each of the three payment bonds was separately numbered. Each bond covered one water project contract, which contracts were denominated "Water Line Improvements Contracts" and numbered "One," "Two," and "Four," respectively.

On 2 November 1984, plaintiff brought suit against American on one of its bonds. In its original complaint, plaintiff alleged it had furnished certain materials to CRB between November 1982 and January 1984 "in connection with a contract for construction and completion of water line improvements for the Town of Pilot Mountain, North Carolina." Plaintiff noted and attached to its original complaint a copy of "Water Line Improvements Contract No. Two." It likewise attached the specific payment bond given by American in connection with Contract No. Two. American answered in part that plaintiff's action on this bond (hereinafter, "Bond No. Two") was barred by limitations since all work had ceased under Contract No. Two on 24 June 1983. American argued that Bond No. Two itself provided suit must commence within one year from the date work ceased. American subsequently moved for summary judgment.

On 24 October 1985, plaintiff moved to amend its original complaint. It alleged in part that Pilot Mountain had furnished it the incorrect bond and contract and that the materials for which it remained unpaid were furnished in connection with CRB's work under Contract No. Four. CRB's affidavit showed its work under Contract No. Four was completed on 7 March 1984, less than one year before plaintiff's original complaint, but more than one year

before plaintiff's motion to amend its complaint. The trial court granted plaintiff's motion to amend its original complaint to state a claim under Bond No. Four and granted summary judgment for defendant on plaintiff's original action on Bond No. Two. Defendant's answer to plaintiff's amended complaint included a plea of statutory limitation under N.C. Gen. Stat. Sec. 44A-28(b). Both parties moved for summary judgment on plaintiff's amended complaint. The trial court granted summary judgment for plaintiff in the amount of $14,305.77. Defendant appeals.

The issues before this Court are: 1) whether the one-year period set forth by N.C. Gen. Stat. Sec. 44A-28(b) is a procedural statute of limitation or a substantive statute of repose; 2) whether plaintiff's amended complaint relates back to the date of plaintiff's original complaint under N.C.R. Civ. P. 15(c); and 3) whether plaintiff's amended complaint commenced action upon Bond No. Four within one year of "final settlement" under Section 44A-28(b).

I

We note at the outset the trial court awarded damages against defendant in its summary judgment. Therefore, the trial court's judgment is final and appealable. *Beck v. American Bankers Life Ass. Co.*, 36 N.C. App. 218, 243 S.E. 2d 414 (1978).

[1] We first determine the correct limitation period. Bond No. Four provided:

> That no suit or action shall be commenced hereunder by any claimant . . . after the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in the Bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the *minimum* period of limitation permitted by such law. [Emphasis added.]

In all cases of public construction for which a payment bond is required under N.C. Gen. Stat. Sec. 44A-26, the provisions of the "Model Payment and Performance Bond Act," N.C. Gen. Stat. Sec. 44A-25 *et seq.*, are conclusively presumed to be written into every such bond. N.C. Gen. Stat. Sec. 44A-30(b). Section 44A-30(a) of the Act states that no contract between a contracting body,

contractor or surety may reduce the period of time for commencing action under Section 44A-28(b). Section 44A-28(b) provides:

> No action on a payment bond shall be commenced after the expiration of the *longer* period of one year from the day on which the last of the labor was performed or material was furnished by the claimant, or one year from the day on which final settlement was made with the contractor. [Emphasis added.]

The contractual provisions of Bond No. Four seek to shorten the limitation period to the minimum allowed under Section 44A-28(b). Since the statute instead provides for the longer period, we disregard the contractual limits set out in Bond No. Four to the extent they would reduce the limitation period allowed under Section 44A-28(b).

[2] The trial judge allowed plaintiff to amend its original complaint to allege a claim under Bond No. Four and relate the amendment back to the date of plaintiff's original pleading under N.C. Civ. P. 15(c). However, defendant contends commencing suit on Bond No. Four within the one-year period provided in Section 44A-28(b) is an absolute condition precedent to its alleged liability to plaintiff. Defendant therefore argues its liability on Bond No. Four had expired and could not be revived by plaintiff's procedural amendment. Plaintiff contends the limitation period merely limits plaintiff's remedy and is thus subject to Rule 15(c) as any other statute of limitation. In order to determine the propriety of the trial court's allowing the amendment's relation back, we first consider whether Section 44A-28(b) is a substantive statute of repose or merely a procedural statute of limitation.

Our Supreme Court has recently discussed the distinction between statutes of repose and statutes of limitation:

> Statutes of limitation are generally seen as running from the time of injury, or discovery of the injury in cases where that is difficult to detect. They serve to limit the time within which an action may be commenced after the cause of action has accrued. Statutes of repose, on the other hand, create time limitations which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant.

*Trustees of Rowan Tech. College v. J. Hyatt Hammond Assoc., Inc.*, 313 N.C. 230, 234 n.3, 328 S.E. 2d 274, 276-77 n.3 (1985). In *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E. 2d 469, 474-75 (1985), the Court stated:

> Unlike an ordinary statute of limitations which begins running upon accrual of the claim . . ., the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. . . . Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce. . . . The legislature's adoption of an outer limit or repose . . . clearly [has] the effect of granting the defendant an immunity to actions . . . after the applicable period of time has elapsed.

(Citations omitted.)

The consequence of this distinction is that a statute of repose "constitutes a substantive definition of, rather than a procedural limitation on, rights." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 426, 302 S.E. 2d 868, 872 (1983). Commencement of suit within the allotted time is a "condition to the legal cognizability of [a] claim." *Id.* at 444, 302 S.E. 2d at 882. As the Court noted in *Bolick v. American Barmag Corp.*, 306 N.C. 364, 370, 293 S.E. 2d 415, 420 (1982), "That the legislature has the authority to establish a condition precedent to what originally was a common law cause of action is beyond question."

Under *Rowan* and *Black*, the primary characteristic of statutes of repose is that they commence and ensue independent of the accrual of plaintiff's cause of action. The one-year period in Section 44A-28(b) commences either upon the date labor or materials are last furnished or upon the date of final settlement between the contracting body and the contractor. As the limitation period commences either upon plaintiff's "last act" or upon "final settlement" between third parties, the limitation period clearly runs irrespective of plaintiff's legal injury. That the limitation period under Section 44A-28(b) runs from the last day materials are furnished or upon final settlement comports with the *Rowan* court's characterization of statutes of repose as running "from

defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant." 313 N.C. at 234 n.3, 328 S.E. 2d at 276-77 n.3.

Similarly, it is often said a statute of limitation may not commence until plaintiff is entitled to sue on the cause of action. *E.g., Raftery v. Wm. C. Vick Constr. Co.*, 291 N.C. 180, 193, 230 S.E. 2d 405, 412 (1976) (Branch, C.J., concurring). In contrast, the one-year period under Section 44A-28(b) commences at least 90 days before plaintiff is entitled to bring suit under Section 44A-27. N.C. Gen. Stat. Sec. 44A-27 (claimant may not bring suit before expiration of 90 days after last day on which claimant furnished labor or materials).

For these reasons, we hold the one-year limitation set forth in Section 44A-28(b) constitutes a statute of repose, compliance with which is condition precedent to American's liability to plaintiff. We acknowledge some federal courts have construed 40 U.S.C. Sec. 270b(b), the federal counterpart to our Section 44A-28(b), to be an ordinary statute of limitation rather than a condition precedent. *E.g., Security Ins. Co. v. U.S. ex rel. Haydis*, 338 F. 2d 444, 449 (9th Cir. 1964). Other federal courts have deemed the same provision a condition precedent or statute of repose. *E.g., U.S. ex rel. Harvey Gulf Int. Marine, Inc. v. Maryland Cas. Co.*, 573 F. 2d 245, 247 (5th Cir. 1978) (citing cases). The *Harvey Gulf* line of cases is more persuasive in light of our Supreme Court's decisions in *Rowan, Lamb* and *Bolick*.

## II

[3] Given our construction of Section 44A-28(b) as condition precedent to American's liability, American's liability to plaintiff accordingly ceased one year after either of the two starting dates provided by the statute. While an ordinary statute of limitation limits a plaintiff's remedy, statutes of repose limit liability; accordingly, once defendant's liability terminated, plaintiff's amendment could not revive that liability, irrespective of any "relation back" under N.C.R. Civ. P. 15(c). The legislature's adoption of an outer limit or repose of one year clearly grants sureties immunity to payment bond actions after the applicable period has elapsed. *See Black*, 312 N.C. at 633, 325 S.E. 2d at 475. Those courts construing the federal counterpart as condition precedent have likewise not allowed an amendment to relate back under F.R. Civ. P.

15. *E.g., U.S. ex rel. Flynn's Camden Elec. Supply Co. v. Home Indemnity Ins. Co.*, 246 F. Supp. 27, 30 (E.D. Pa. 1965).

Plaintiff's action on Bond No. Two was dismissed by summary judgment. Plaintiff's motion to amend its action to allow recovery under Bond No. Four was filed 24 October 1985. CRB's undisputed affidavit stated that all work under Contract No. Four ceased on 7 March 1984. Insofar as the period of repose commenced upon the date work under Contract No. Four ceased, plaintiff's action on Bond No. Four was absolutely barred by repose after 7 March 1985. Once plaintiff's claim was so barred, it could not be revived by the relation back of any subsequent amendment.

## III

[4]   Since the period of repose under Section 44A-28(b) might also commence upon Pilot Mountain's "final settlement" with CRB, we must determine when "final settlement" occurred in order to determine the "longer" limitation period. If "final settlement" had occurred less than one year before plaintiff's motion to amend on 24 October 1985, then the statute had not expired and summary judgment for plaintiff would be appropriate. Conversely, if the pleadings and affidavits show without contradiction that more than one year had passed, then summary judgment should have been granted for defendant. *See Cellu Products Co. v. G.T.E. Product Corp.*, 81 N.C. App. 474, 477, 344 S.E. 2d 566, 568 (1986).

Since there are no reported decisions construing Section 44A-28(b), there is no local guidance on the term "final settlement" in this context; however, the term has had a long history under federal law. The seminal U.S. Supreme Court decision is *Illinois Surety Co. v. U.S.*, 240 U.S. 214 (1916). *See also Redevelopment Auth. of Philadelphia v. Fidelity and Deposit Co. of Md.*, 665 F. 2d 470, 473-76 (3rd Cir. 1981) (discussing *Illinois Surety*). In *Illinois Surety*, the Supreme Court distinguished "final settlement" from "final payment" with respect to commencing suit on surety bonds. The Court held that final settlement occurred when, so far as the government was concerned, the amount which it was bound to pay was administratively fixed by the proper authority. 240 U.S. at 221; *see also, Redevelopment Auth.*, 665 F. 2d at 474 (final settlement is "ministerial" act by authorized person). The date of the final settlement does not depend

upon the contractor's agreement and must be clear, readily ascertainable and occur at a definite time. *Illinois Surety*, 240 U.S. at 221.

The evidence in the record relevant to "final settlement" is meager. The affidavit of CRB's president states that, "final payment on Contract No. Four was received on March 19, 1984." Plaintiff's credit manager states by affidavit that "final approval of the work being done on Contract No. Four was not made by the engineers until March 7, 1984, [sic] from the project engineers employed by the Town of Pilot Mountain to supervise the water works construction . . . ." *Cf. Redevelopment Auth.*, 665 F. 2d at 475 (contracts and documents designated architect to "finally settle" the project). Whether typographical error or not, the record reflects the trial court's finding that work was not completed under Contract No. Four until 27 March 1984 (despite CRB's undisputed affidavit that such work was completed 7 March 1984).

The critical fact is when the Town of Pilot Mountain made the administrative determination of the amount it was bound to pay CRB. N.C.R. Civ. P. 56(c) provides that summary judgment will be granted "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The date of "final settlement" is a material element of plaintiff's claim.

Based on the pleadings and affidavits before us, we conclude a disputed material fact issue remains as to the date of "final settlement." While plaintiff's credit manager states project engineers "approved" the disputed work, there is no evidence in the record of the project engineers' "ministerial" authority to reach "final settlement" with CRB. Since "final payment" logically follows "final settlement," it is arguable CRB's affidavit of "final payment" requires finding "final settlement" had already occurred. However, Pilot Mountain's retainage of funds casts doubt on whether its 19 March 1984 payment was intended to be a genuinely "final" payment. We note also that, if the trial court's finding that work ended on 27 March 1984 is correct, then final settlement presumably occurred no earlier than that date. The purpose of employing "final settlement" as a yardstick is that it provides a definite time, fixed by public record and readily ascer-

tainable, after which subcontractors must bring suit. *See Redevel-opment Auth.*, 665 F. 2d at 476. Section 44A-28(b) expressly commences on one of two specific "days." We cannot readily ascertain from the record the specific "day" anyone with administrative authority from Pilot Mountain fixed the amount Pilot Mountain was bound to pay CRB; indeed, we cannot determine from the record whether final settlement has occurred at all. Accordingly, the disputed material issue of "final settlement" precluded summary judgment for either party.

## IV

We therefore reverse summary judgment for plaintiff and remand this matter to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

Judge JOHNSON concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

In my opinion, the trial court did not err in allowing plaintiff to amend its complaint to omit the specific reference to Bond No. AB0018710A, and I vote to affirm summary judgment for plaintiff. G.S. 1A-1, Rule 15(c) allows the matter pleaded in the amendment to relate back so as to affirmatively disclose that plaintiff's claim is not barred by any statute of limitations or repose. The record discloses there are no genuine issues of material fact and the record does not disclose any insurmountable bar to plaintiff's claim. I vote to affirm.