EASTERN ROOFING AND ALUMINUM COMPANY, a NORTH CAROLINA COR-
PORATION v. D. C. BROCK AND WIFE, EUNICE BROCK

No. 8310DC1120

(Filed 18 September 1984)

**Unfair Competition § 1— door-to-door sales—right to cancellation—failure to give
notice—unfair and deceptive act**

    Plaintiff's failure to explain orally to defendants their right to cancel a
contract for home improvements at the time the agreement was signed,
coupled with defective notice of cancellation which was incomplete and unat-
tached to the contract in violation of G.S. 25A-40(b), constituted an unfair and
deceptive act in violation of G.S. 75-1.1, and plaintiff's conduct was the prox-
imate cause of defendants' injury for which they suffered a loss in the amount
of $500.

APPEAL by plaintiff from *Cashwell, Judge*. Judgment entered
25 May 1983 in District Court, WAKE County. Heard in the Court
of Appeals 24 August 1984.

Plaintiff seeks damages from defendants under the terms of a
contract for certain home improvements. The record contains no
transcript, and we are limited in our scope of review. From the
pleadings and a stipulation entered into by the parties the follow-
ing facts appear:

The parties entered into a contract on 7 May 1981 providing
the plaintiff was to install siding and windows on defendants'
house. Defendants made a deposit on the contract of $500.00,
agreed to pay $1,639.00 on 14 May 1981, and pay the balance of
$6,400.00 upon completion. The contract was reduced to writing
and signed by the parties. In bold print above the signature of
the parties appeared the following: "You, the buyer, may cancel
this transaction at any time prior to midnight of the third busi-
ness day after the date of this transaction. See the attached
notice of cancellation form for an explanation of this right."
Within apt time the defendants elected to cancel the contract, and
finding the attached notice of cancellation missing, tried unsuc-
cessfully to perfect the cancellation by telephone. No work was
ever done on defendants' property.

Plaintiff refused to refund the $500.00 deposit and sued for
the amount of $1,639.00 as the remainder due. Defendants' answer

denied plaintiff's claim for relief and defendants' counterclaim demanded treble damages and attorney fees as provided in Chapter 75 of the North Carolina General Statutes.

At trial the parties stipulated the validity of the contract, the contract price, the $500.00 deposit and the other terms of the contract price, together with cancellation provisions therein. Plaintiff moved for a directed verdict, which was denied. The following issues were submitted to the jury and answered as follows:

1. Did the Defendants, D. C. and Eunice Brock, validly cancel the contract with the Plaintiff, Eastern Roofing and Aluminum Company? If your answer is yes, skip Issues 2 and 3 and consider Issues 4, 5, and 6. If your answer is No, go on to consider Issue #2.

JURY'S ANSWER: Yes

4. Did the Plaintiff, at the time the contract was entered, fail to inform the Defendants orally of the Defendants right to cancel the contract? If your answer is yes, consider Issues 5 and 6. If your answer is no, then stop, for this is your verdict.

JURY'S ANSWER: Yes

5. Was the Plaintiffs conduct a proximate cause of the Defendants injury? If your answer is yes, consider issue 6. If your answer is No, then stop for this is your verdict.

JURY'S ANSWER: Yes

6. By what amount if any, have the Defendants been injured?

JURY'S ANSWER: $500.00

The trial judge denied plaintiff's motion for judgment notwithstanding the verdict and thereafter made the following conclusions of law:

1. Defendants are entitled to recover FIVE HUNDRED ($500.00) DOLLARS from the Plaintiff as return of their deposit for having validly cancelled the contract with the Plaintiff.

2. Plaintiff's failure to inform the Defendants orally of their rights to cancel the contract at the time the parties entered into the contract was a violation of the North Carolina General Statute § 75-1.1 for which the Defendants suffered damages of FIVE HUNDRED ($500.00) DOLLARS.

3. The Defendants are entitled to a treble award of the damages suffered or ONE THOUSAND FIVE HUNDRED ($1,500.00) DOLLARS as provided in North Carolina General Statute § 75-16.

4. Defendants, having failed to show malicious or fraudulent intent on the part of the Plaintiff, are not entitled to an award of attorney's fees as provided in North Carolina General Statute § 75-16.1.

The trial judge entered judgment against plaintiff for $2,000.00 together with the costs and denied defendants' prayer for attorney fees. Plaintiff appeals.

*Robert A. Hassell, for plaintiff appellant.*

*Samuel J. Morris, III, for defendant appellees.*

HILL, Judge.

Plaintiff contends that defendants failed to notify plaintiff in writing of their intention to cancel the contract as required by G.S. 25A-39 and G.S. 25A-40, and therefore, defendants did not validly cancel their contract with the plaintiff.

Because the language of G.S. 75-1.1 closely resembles that employed by Section 5(a)(1) of the Federal Trade Commission Act, codified at 15 U.S.C. § 45(a)(1) (1976), the North Carolina Supreme Court has established by earlier decisions that federal decisions interpreting the FTC Act may be used as guidance in construing the scope and meaning of G.S. 75-1.1. *Marshall v. Miller,* 302 N.C. 539, 276 S.E. 2d 397 (1981); *Johnson v. Insurance Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980); *Hardy v. Toler,* 288 N.C. 303, 218 S.E. 2d 342 (1975). Federal law is specifically cited in G.S. 25A-39(a) by referring to the "Federal Trade Commission Trade Regulation Rule Concerning a Cooling-Off Period for Door-to-Door Sales." The pertinent provisions of this trade regulation rule to the case under review recite that

[i]n connection with any door-to-door sale, it constitutes an unfair and deceptive act or practice for any seller to:

. . .

(b) Fail to furnish each buyer, at the time he signs the door-to-door sales contract or otherwise agrees to buy consumer goods or services from the seller, a completed form in duplicate, captioned "NOTICE OF CANCELLATION," which shall be attached to the contract or receipt and easily detachable. . . .

. . .

(e) Fail to inform each buyer orally, at the time he signs the contract or purchases the goods or services, of his right to cancel.

16 C.F.R. § 429.1 (1984).

Defendants contend that plaintiff's failure to comply with 16 C.F.R. § 429.1(e), by in fact failing to orally explain to defendants their rights to cancel at the time the agreement was signed, coupled with the defective notice of cancellation which was incomplete and unattached to the contract in violation of G.S. 25A-40(b) and 16 C.F.R. § 429.1(b), constitute an unfair and deceptive act in violation of G.S. 75-1.1. We agree. Plaintiff's noncompliance with 16 C.F.R. § 429.1(b) and (e) and G.S. 25A-40(b) was directly responsible for defendants' failure to give written notice of cancellation which requirement was not contained in the contract except in the notice of cancellation. Without knowledge of the requirement for written notice, defendants in good faith complied with what they understood to be the required notice of cancellation contained in the contract, i.e., cancellation within three business days from the date of the transaction. It is significant that the language contained in the unsigned acknowledgment in the notice of cancellation specifically indicates that the buyers received oral representations of their right to cancel, clearly an effort designed to comply with 16 C.F.R. § 429(e).

The jury found as fact that plaintiff, at the time the contract was entered, failed to inform defendants orally of defendants' right to cancel, and that plaintiff's conduct was the proximate cause of defendants' injury for which defendants suffered a loss in the amount of $500.00. Based on these findings of fact the trial

court concluded as a matter of law that plaintiff violated G.S. 75-1.1. In addressing defendants' claim of plaintiff's violation of G.S. 75-1.1, the trial court properly instructed the jury to find the facts, and based on the jury's finding, the court determined as a matter of law whether the plaintiff engaged in "unfair or deceptive acts or practices in the conduct of trade or commerce." *Hardy v. Toler*, 288 N.C. 303, 310, 218 S.E. 2d 342, 347 (1975).

The trial court was correct in finding that plaintiff did violate G.S. 75-1.1 based on the jury verdict and therefore trebled the damages. However, the award by the jury in the sum of $500.00 should have been trebled to $1,500.00, and this sum, not $2,000.00, should have been the total amount awarded defendants. For this reason the judgment of the trial court is stricken, and the case remanded to the trial court for entry of judgment in conformity herewith.

Remanded.

Judges BRASWELL and PHILLIPS concur.