DROUILLARD v. KEISTER WILLIAMS NEWSPAPER SERVICES

[108 N.C. App. 169 (1992)]

NORMAN W. DROUILLARD AND PRINT PURCHASING CONSULTANTS, INC. v. KEISTER WILLIAMS NEWSPAPER SERVICES, INC., D/B/A LINDSAY PUBLISHING COMPANY, CLARK LINDSAY, AND G. WALTON LINDSAY

No. 9117SC1189

(Filed 1 December 1992)

1. **Unfair Competition § 4 (NCI3d) — violation of Trade Secrets Protection Act — unfair trade practice**

    N.C.G.S. § 75-1.1 is applicable to violations of the Trade Secrets Protection Act. Although plaintiffs contended that violation of that Act would not constitute unfair or deceptive acts or practices because the Legislature did not make a specific provision to that effect, it has been repeatedly held that violation of regulatory statutes which govern business activities may also violate N.C.G.S. § 75-1.1 whether or not such activities are listed specifically in the regulatory act as a violation of N.C.G.S. § 75-1.1. If the violation of the Trade Secrets Protection Act satisfies the three-prong test in *Spartan Leasing v. Pollard*, 101 N.C. App. 450, it would be a violation of N.C.G.S. § 75-1.1.

    **Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 704, 738, 739.**

2. **Unfair Competition § 4 (NCI3d) — customer lists, pricing and bidding formulas as trade secrets — conclusions supported by findings**

    The facts found supported the finding that defendant's customer lists and pricing and bidding formulas were trade secrets in an action arising from plaintiff ending his employment with defendant Lindsay Publishing and working for a competitor as a consultant. Plaintiff did not provide a verbatim transcript and appellate review is limited to whether the facts found supported the conclusions of law.

    **Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 707, 708.**

3. **Unfair Competition § 4 (NCI3d) — misappropriation of trade secrets — damages**

    The trial court's findings supported its conclusion that defendant suffered damage by plaintiffs' purported misap-

propriation of trade secrets where the trial court found Lindsay Publishing to have lost profits in the amount of $35,000 by reason of plaintiff's successful transfer of an account from his old employer to his new employer and that plaintiff had used defendant's customer lists and pricing and bidding formulas without defendant's consent, and concluded that defendant was entitled to recover damages from the plaintiff in the amount of $35,000 for the misappropriation of trade secrets in violation of the North Carolina Trade Secrets Protection Act.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 709, 711.**

**Proper measure and elements of damages for misappropriation of trade secret. 11 ALR4th 12.**

4. **Unfair Competition § 4 (NCI3d) — violation of Trade Secrets Protection Act — injunctive relief**

   Injunctive relief was proper where the court concluded that customer lists and pricing and bidding formulas were trade secrets and that misappropriation of such information violated the Trade Secrets Protection Act.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 711.**

Appeal by plaintiffs from judgment entered 16 May 1991 in Stokes County Superior Court by Judge James M. Long. Heard in the Court of Appeals 9 November 1992.

The facts before us are not in dispute. Defendant Lindsay Publishing Company (hereinafter Lindsay Publishing) is engaged in newspaper publication and the printing business. Plaintiff Norman Drouillard (hereinafter Drouillard) was the General Manager of Lindsay Publishing from 1978 through 1989. His contract contained a limited covenant not to compete. As General Manager, Drouillard was familiar with the bidding and pricing of printing contracts, had regular contact with printing customers, and had access to bidding and pricing information.

On 1 January 1990, Drouillard ended his employment with Lindsay Publishing by resignation. Shortly thereafter, Drouillard was employed as a consultant by Pilot Graphics, Inc. Prior to concluding his services for Lindsay Publishing, Drouillard assisted his newly hired replacement in preparing a bid for the Byrd Food

**DROUILLARD v. KEISTER WILLIAMS NEWSPAPER SERVICES**

[108 N.C. App. 169 (1992)]

Stores account. This bid was higher than previous bids for the same work. After Drouillard began working for Pilot Graphics, Inc., Pilot Graphics, Inc. submitted a lower bid for the Byrd Food Stores account. Although Lindsay Publishing was permitted to submit a revised bid, the Byrd account was acquired from Lindsay Publishing by Drouillard, working for Pilot Graphics, Inc., in March 1990.

Plaintiffs Drouillard and Print Purchasing Consultants, Inc. brought this action, originally, alleging tortious conduct on the part of defendants including fraud, slander, trade defamation and unfair trade practices. Defendants filed a counterclaim alleging interference with contractual and business relationships, misappropriation of trade secrets, and unfair and deceptive trade practices, seeking damages and injunctive relief. On 6 November 1990, defendants moved for partial summary judgment, dismissing all the plaintiffs' causes of action but reserving the defendants' counterclaims. Defendants' motion was granted in its entirety on 15 February 1991. This judgment was not appealed. The counterclaims came on for trial 18 February 1991 before the court without a jury. The trial court entered judgment for defendants, actual damages in the amount of $35,000.00, to be trebled for a total of $105,000.00. Plaintiff appeals.

*Law Office of Herman L. Stephens, by Herman L. Stephens, for plaintiffs-appellants.*

*Hamilton C. Horton, Jr. for defendants-appellees.*

WELLS, Judge.

We first note that plaintiffs have not separated their assignments of error in their arguments as required by Rule 28 of the North Carolina Rules of Appellate Procedure. It appears, however, that although plaintiffs have set forth five assignments of error for our review, there are only four dispositive questions before us: (1) whether the trial court erred in finding a violation of the Trade Secrets Protection Act to be an unfair practice under N.C. Gen. Stat. § 75-1.1, (2) whether there was competent evidence to support the trial court's finding that Lindsay Publishing maintained its customer list and pricing and bidding formulas as trade secrets, (3) whether the trial court erred in finding that Lindsay Publishing was "damaged" or "injured" by plaintiff's unfair acts, and (4) whether the trial court erred in issuing injunctive relief.

Plaintiffs' other arguments are meritless and therefore we will not address them.

[1]  First, plaintiffs argue that violation of the Trade Secrets Protection Act (Article 24, Chapter 66) is not an unfair trade practice under N.C. Gen. Stat. § 75-1.1. Plaintiffs contend that because the Legislature did not specifically provide that any violation of Article 24, Chapter 66 would constitute unfair or deceptive acts or practices under N.C. Gen. Stat. § 75-1.1, such a result was not intended. We disagree.

N.C. Gen. Stat. § 75-1.1 should not be so narrowly construed. This section declares "[u]nfair methods of competition in or affecting commerce," to be unlawful. The statute was created to provide an additional remedy apart from those less adequate remedies afforded under common law causes of action for fraud, breach of contract, or breach of warranty. The result was a broader cause of action with broader remedies. *See Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E.2d 582, *cert. denied*, 311 N.C. 751, 321 S.E.2d 126 (1984). Given the expansive language of this section, all defendants need to show to maintain a cause of action under this section is (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) proximately causing actual injury to defendant or defendant business. *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 400 S.E.2d 476 (1991). If the violation of the Trade Secrets Protection Act satisfies this three prong test, it would be a violation of N.C. Gen. Stat. § 75-1.1.

Furthermore, the fact that the Trade Secrets Protection Act was not one of the regulatory statutes specifically listed in Chapter 66 as violative of N.C. Gen. Stat. § 75-1.1 is immaterial. This Court has repeatedly held that the violation of regulatory statutes which govern business activities may also be a violation of N.C. Gen. Stat. § 75-1.1 whether or not such activities are listed specifically in the regulatory act as a violation of N.C. Gen. Stat. § 75-1.1. *See United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 339 S.E.2d 90 (1986) (finding N.C. Gen. Stat. § 75-1.1 applicable to commercial transactions also regulated by the Uniform Commercial Code); *Eastern Roofing and Aluminum Co. v. Brock*, 70 N.C. App. 431, 320 S.E.2d 22 (1984) (finding a violation of a Federal Trade Regulation (16 C.F.R. § 429.1(b) and (e) ) to be a violation of N.C. Gen. Stat. § 75-1.1 as well); *Ellis v. Smith-Broadhurst*,

*Inc.*, 48 N.C. App. 180, 268 S.E.2d 271 (1980) (holding the Insurance Statutes (N.C. Gen. Stat. § 58-54 *et seq.*) did not provide exclusive regulation for that industry and that N.C. Gen. Stat. § 75-1.1 was applicable); *Edmisten, Attorney General v. Chemical Co.*, 45 N.C. App. 604, 263 S.E.2d 849 (1980) (N.C. Gen. Stat. § 75-1.1 found applicable to labelling anti-freeze even though it was regulated by the Department of Agriculture). We, therefore, reject plaintiffs' limited interpretation of N.C. Gen. Stat. § 75-1.1 and hold it to be applicable to violations of the Trade Secrets Protection Act.

[2] Plaintiffs next contend that the evidence presented was insufficient to support the trial court's finding that Lindsay Publishing maintained, as trade secrets, its customer lists and its pricing and bidding formulas. We note that plaintiff failed to provide this Court with a verbatim transcript of the proceedings pursuant to Rule 9(c) of the North Carolina Rules of Appellate Procedure.

Our review is limited to that which appears in the verbatim transcript or record on appeal. Where evidence is not presented in the record on appeal, we cannot speculate that there was prejudicial error but must assume that the findings of fact are conclusive and supported by competent evidence. *Forrest v. Pitt County Bd. of Education*, 100 N.C. App. 119, 394 S.E.2d 659, *review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990), *cert. denied*, 328 N.C. 330, 400 S.E.2d 448, *affirmed*, 328 N.C. 327, 401 S.E.2d 366 (1991). For that reason, we are precluded from addressing questions of whether the evidence was sufficient to support the trial court's findings of fact, and the only remaining issue is whether the facts found support the conclusions of law. *Britt v. Britt*, 49 N.C. App. 463, 271 S.E.2d 921 (1980). It is clear from the findings made that the trial court determined the defendant's customer lists and pricing and bidding formulas to be trade secrets. This assignment is therefore overruled.

[3] Plaintiffs also assign as error the trial court's conclusion that defendant Lindsay Publishing suffered "damage" by reason of the purported misappropriation of trade secrets. Again, our review is limited to whether the findings of fact as set forth support the trial court's conclusions of law. The record discloses that the trial court found Lindsay Publishing to have lost profits in the amount of $35,000.00 by reason of plaintiff's successful transfer of the Byrd Food Stores printing account from his old employer to his new employer. The court also found that in obtaining the

Byrd Food Stores business for Pilot Graphics, Inc., plaintiff used defendant's customer lists and pricing and bidding formulas without defendant's consent. Based on these findings of fact, the court concluded that defendant is entitled to recover damages from the plaintiff in the amount of $35,000.00 for the misappropriation of trade secrets in violation of the North Carolina Trade Secrets Protection Act. Assuming, as we must, that the court's findings of fact are supported by the evidence and are therefore conclusive, we find that these facts are sufficient to support the trial court's conclusion of law.

[4]   Finally, plaintiffs argue that the injunctive relief granted was improper because there was no violation of the Trade Secrets Protection Act. Having previously concluded that the customer lists and pricing and bidding formulas were trade secrets under Chapter 66, and in determining that misappropriation of such information violated the Trade Secrets Protection Act, we find injunctive relief was proper.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

Judges ARNOLD and LEWIS concur.