KEWAUNEE SCIENTIFIC CORPORATION, PLAINTIFF v. ROY T. PEGRAM, LARRY W. SHARPE, S.J. WILLARD, JAMES M. WILSON, EASTLAND GLASS AND FABRICATION, INC., E.G. FABRICATION, INC. AND PRECISION CORRUGATED, INC., A SUBSIDIARY OF SOUTHERN PRESTIGE INDUSTRIES, INC., DEFENDANTS

No. COA97-997

(Filed 18 August 1998)

**1. Damages and Remedies— commercial bribery—damages as a matter of law**

The proper measure of damages in an action arising from commercial bribery must include at a minimum the amount of commercial bribes the third party paid.

**2. Unfair Trade Practices— commercial bribery—treble damages**

A claim for treble damages under N.C.G.S. § 75-16 was remanded where the requirement of an unfair or deceptive act was met in that commercial bribery is a crime in North Carolina and a violation of a criminal statute can constitute an unfair and deceptive act; the second element was met in that the jury concluded that the acts were in and affecting commerce; but the third element was not satisfied in that the jury made no finding regarding the amount of the secret payments.

**3. Evidence— commercial bribery—checks for bills and distributions—admissible**

There was no error in a civil action based on commercial bribery in the admission of checks written for bills and a summary of payments which were characterized as distributions, even though defendant contended that the numbers did not reflect profits, because the exhibits were relevant to profits and the issue of damages. Even if the issue of unfair prejudice had been properly preserved, the exhibits were not unfairly prejudicial to defendant.

**4. Trials— instructions—complex—no error**

There was no error in a civil action arising from a commercial bribery in the "totality of the charge" where defendant claimed that the issues were too numerous and confusing and were likely to mislead the jury. The lawsuit was complex, defendant did not submit any better alternatives, and defendant did not explain on appeal how the jury was misled or misinformed or how the instructions were "emphatically favorable" to plaintiff.

**5. Employer and Employee— commercial bribery—jury findings—damages**

The trial court did not err in a civil action arising from commercial bribery by denying defendant's motion to set aside the verdict or in trebling the damages where the jury determined that the conduct it found in issue number 6 was not a proximate cause of any injury, but found in other issues that defendant had defrauded plaintiff with regard to the true nature of a vendor and its relationship with plaintiff's purchasing manager, that defendants had wrongfully interfered with plaintiff's employment relationship with its purchasing manager, and that plaintiff had been damaged by $88,000. Fraud and wrongful interference with con-

tract clearly can support an award of damages and can be the basis for trebling damages under N.C.G.S. § 75-1.1.

Appeal by plaintiff Kewaunee Scientific Corporation and defendant Larry W. Sharpe from judgment entered 14 November 1996 by Judge William Freeman in Iredell County Superior Court. Heard in the Court of Appeals 28 April 1998.

Plaintiff Kewaunee Scientific Corporation ("Kewaunee") is a Delaware corporation that manufactures lab furniture. Individual defendants are citizens of North Carolina. Defendants Eastland Glass and Fabrication, Inc. ("Eastland") and E.G. Fabrication, Inc., are partnerships and are or were doing business in North Carolina. Defendant Precision Corrugated, Inc. ("Precision") is a wholly owned subsidiary of defendant Southern Prestige Industries, Inc., which is a North Carolina corporation.

Defendant Roy T. Pegram was employed by plaintiff as its purchasing manager from 1988 to 1992. During this period, Pegram, in his capacity as purchasing manager, purchased glass doors from Eastland and E.G. Fabrication, Inc., and corrugated product from Precision. Unknown to plaintiff, Eastland and E.G. Fabrication were partnerships in which Pegram was a partner and received an equal share of the profits. Additionally, Pegram also received payments from Precision to ensure that Precision received contracts from plaintiff. The schemes were discovered in 1992 and Pegram was fired.

On 7 December 1993 plaintiff filed this lawsuit alleging fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with contract, and unfair and deceptive trade practices. Defendant Precision asserted a counterclaim that plaintiff had unlawfully failed to fulfill a contract. On 15 April 1996 the plaintiff took a voluntary dismissal as to defendant S.J. Willard. On 25 April 1996, a jury returned a verdict awarding $88,000 as to the Eastland scheme, $120,000 as to E.G. Fabrication, and $2.00 as to Precision. Following the verdict, plaintiff moved for judgment notwithstanding the verdict, or in the alternative, for a new trial as to Precision, and all defendants moved for judgment notwithstanding the verdict. The motions were denied. The trial court determined that plaintiff was entitled to treble damages as to the Eastland scheme pursuant to G.S. 75-1.1 *et seq.*, but denied treble damages as to E.G. Fabrication and denied plaintiff's request for attorney's fees as to the

Eastland and Precision claims. Plaintiff and defendant Larry W. Sharpe appeal.

*Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr. and Edward F. Hennessey, IV, for plaintiff-appellant.*

*Eisele, Ashburn, Greene & Chapman, P.A. by John D. Greene, for defendant-appellant Larry W. Sharpe.*

*Kilpatrick Stockton LLP, by W. Mark Conger and Eugene H. Matthews, and Lassiter & Lassiter, P.A., by T. Michael Lassiter, Jr., for defendant-appellee James M. Wilson.*

EAGLES, Chief Judge.

## I. Plaintiff's Appeal

[1] We first consider whether plaintiff was entitled as a matter of law to damages on its Precision claim. Plaintiff argues that a victim of commercial bribery is entitled to recover at least the amount of the bribes as damages. Plaintiff contends that to allow Precision and Pegram to escape liability would frustrate public policy. Plaintiff additionally argues that the damages should be trebled based on the unfair and deceptive commercial conduct. G.S. 75-1.1 *et seq.* Plaintiff finally argues that they should not have to prove out of pocket loss due to the transaction; secret payments proximately cause harm to the victimized employer as a matter of law. See *Phillips Chemical Co. v. Morgan*, 440 So.2d 1292 (Fla. Dist. Ct. App. 1983), *cert. denied sub nom. Gamble v. Phillips Chemical Co.*, 450 So.2d 486 (Fla. 1984). Accordingly, plaintiff argues that the trial court should have directed a verdict determining that defendants Wilson, Precision and Pegram were liable to plaintiff for $86,974.63, the total amount of the secret payments from Precision and Wilson to Pegram, and that the amount should have then been trebled.

Defendant Wilson argues that the evidence supports the jury's conclusion that plaintiff was not damaged by the payments and that there was no unfair and deceptive trade practice because plaintiff suffered no actual damage.

After careful consideration of the record, briefs and contentions of the parties, we reverse. The issue of whether an employer is entitled to recover the amount of commercial bribes as damages as a matter of law is a question of first impression in this jurisdiction.

*Phillips*, cited by plaintiff, is persuasive. In *Phillips*, the Florida Court of Appeals determined that both the employee and the third party were "clearly liable as a matter of well-established law for the amounts improperly received . . . in undisclosed compensation." *Id.* at 1294. Defendants argue that plaintiff is not entitled to damages because there was no "actual harm." Their argument is without merit. "[T]he amounts given to an unfaithful employee could and should have been paid [to] his employer." *Id.* "It would be a dangerous precedent for us to say that unless some affirmative loss can be shown, the person who has violated his fiduciary relationship with another may hold on to any secret gain or benefit he may have thereby acquired." *Id.* at 1295 (citing *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 573, 160 S.W.2d 509, 514 (Tex. 1942). See also *Sara Lee Corp. v. Carter*, 129 N.C. App. 464, 500 S.E.2d 732 (1998). Accordingly, we hold that commercial bribery harms an employer as a matter of law, and the proper measure of damages suffered must include at a minimum the amount of the commercial bribes the third party paid.

**[2]** We also hold that damages should be trebled based on the unfair and deceptive commercial conduct. G.S. 75-1.1 provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." Under G.S. 75-16, a person, firm, or corporation injured by the acts prohibited by G.S. 75-1.1. is granted a cause of action against the offender. "[I]f damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." G.S. 75-16.

North Carolina's courts have interpreted these sections as requiring three elements for a *prima facie* claim for unfair trade practices. "Plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995) (citations omitted). "If a violation of Chapter 75 is found, treble damages must be awarded." *Bhatti v. Buckland*, 328 N.C. 240, 243, 400 S.E.2d. 440, 442 (1991) (citations omitted).

We find that the acts of commercial bribery satisfy the first element. The jury found that the defendant paid Pegram in exchange for Pegram's cooperation or assistance in arranging sales and for refusing to entertain quotes or bids from other potential corrugated card-

board suppliers. Commercial bribery is a crime in North Carolina. G.S. 14-353. "This court has repeatedly held that the violation of regulatory statutes which govern business activities may also be a violation of N.C. Gen. Stat. § 75-1.1 whether or not such activities are listed specifically in the regulatory act as a violation of N.C. Gen Stat. § 75-1.1." *Drouillard v. Keister Williams Newspaper Services*, 108 N.C. App. 169, 172, 423 S.E.2d 324, 326 (1992), *appeal dismissed and cert. denied*, 333 N.C. 344, 427 N.C. App. 617 (1993) (citations omitted). Just as a violation of a regulatory statute can constitute an unfair and deceptive act, a violation of a criminal statute can constitute an unfair and deceptive act as well. Accordingly, we conclude that a violation of G.S. 14-353 should also be considered a violation of G.S. 75-1.1 as an unfair and deceptive trade practice.

As to the second element, the jury concluded and we agree that the acts were in and affecting commerce.

As for the third element, we have already concluded that commercial bribery harms an employer as a matter of law, with damages measured at a minimum by the amount of the commercial bribes. In this case, the jury made no finding of fact regarding the amount of the secret payments from Wilson and Precision to Pegram. Accordingly, this action must be remanded for a finding of fact as to the amount of the commercial bribes paid by Wilson and Precision to Pegram. Accordingly, we reverse and remand with directions to vacate the judgment of the trial court relating to the Precision claim and for further proceedings to determine findings of fact as to the total amount of the secret payments paid by Wilson and Precision to Pegram. On remand, the trial court should reconsider the issue of whether attorney's fees should have been awarded on this claim. Because of our determination of this issue, we need not address plaintiff's alternative argument on appeal.

## Defendant Sharpe's Appeal

[3] Defendant Sharpe's cross-appeal relates to that portion of the judgment awarding plaintiff damages for claims against Eastland.

We first consider whether the trial court erred in admitting into evidence over defendant's objection Plaintiff's Exhibits 54 and 68. Exhibit 54 was a listing of checks written by Eastland to numerous vendors for telephone bills, power bills, etc., totaling $363,000.00. Defendant contends that the admission of Exhibit 54 was prejudicial error because it presented to the jury "a dollar figure significantly

higher than the actual profits at issue" in this case and had the potential of improperly influencing the jury. Exhibit 68 summarized payments made by Eastland to Sharpe, Wilson and Pegram which were characterized as "distributions." Defendant argues that admission was improper because there was a lack of foundation that the numbers reflected profits, that the exhibit was not relevant to the profits made by Eastland and that admission constituted prejudicial error because of the potential for jury confusion.

Plaintiff first argues that the exhibits were properly admitted and that defendant never objected to their admission as unfairly prejudicial. Plaintiff additionally claims that the exhibits were relevant because they "went to the heart of [plaintiff's] claim for damages." Pegram testified that he, Sharpe and Wilson shared equally in the profits of Eastland. Plaintiff argues that it was entitled to receive these profits as damages. Plaintiff argues that to prove its damages, it had to present all evidence relevant to Eastland's profits. Plaintiff contends that Exhibit 54, a summary of checks and payment records, was relevant to Eastland's expenses. Plaintiff asserts that these expenditures, when compared to Eastland's revenue, was essential to determining Eastland's profits. Plaintiff next contends that Exhibit 68, which summarized distributions paid to Pegram, Sharpe and Wilson, was evidence of Eastland's total profits.

After careful consideration of the record, briefs and contentions of the parties, we find no error. A review of the record reveals that defendant made no objection to Exhibits 54 and 68 on the basis of unfair prejudice, only an objection based on relevancy. Accordingly, defendant has not properly preserved the issue of unfair prejudice for appellate review. *See Setzer v. Boise Cascade Corp.*, 123 N.C. App. 441, 445, 473 S.E.2d 431, 434 (1996). Furthermore, even if the issue had been properly preserved, we find plaintiff's arguments persuasive. The exhibits were relevant to defendants' profits and the issue of damages and were not unfairly prejudicial to defendant. The assignment of error is overruled.

**[4]** We next consider whether the trial court erred when submitting the issues and instructing the jury. Defendant claims that the error was in "the totality of the charge" because the issues were too numerous and confusing and were likely to mislead the jury. *See Wall v. Stout*, 310 N.C. 184, 311 S.E.2d 571 (1984); see also *Hanks v. Nationwide*, 47 N.C. App. 393, 267 S.E.2d 409 (1980). Plaintiff argues that the issues and instructions given by the trial court repre-

**KEWAUNEE SCIENTIFIC CORP. v. PEGRAM**

[130 N.C. App. 576 (1998)]

sented "a reasonable effort to present to the jury in a comprehensible way a constellation of claims . . . ." Plaintiff asserts that the issues and instructions did not compel a jury to find for plaintiff and were not improperly long or confusing. Plaintiff notes that defendant offered no superior alternatives to the issues and instructions actually used.

Upon careful review of the issues and instructions, we find no error. Defendant argues that the complexity of the issues and jury instructions caused confusion and constituted prejudicial error. However, as plaintiff notes, this lawsuit was complex and defendant did not submit to the trial court any better alternatives to the issues and instructions the trial court gave to the jury. Defendant does not explain how the jury was misled or misinformed or how the instructions were "emphatically favorable" to plaintiff so that defendant was entitled to a new trial. *Wall*, 310 N.C. at 190, 311 S.E.2d at 575.

It is well settled in this State that the court's charge must be considered contextually as a whole, and when so considered, if it presents the law of the case in such a manner as to leave *no reasonable cause to believe the jury was misled or misinformed*, this Court will not sustain an exception on the grounds that the instruction might have been better.

*Hanks*, 47 N.C. App. at 404, 267 S.E.2d at 415 (emphasis added) (citations omitted). Accordingly, the assignment of error is overruled.

**[5]** We next consider whether the trial court erred in denying defendant's motion to set aside the verdict and in trebling the damages awarded. The jury determined that conduct it found in answering issue number 6 was not a proximate cause of any injury to plaintiff. Defendant argues that only the findings in issue number 6 support an award for damages, and since there was no finding of proximate cause by the jury, there can be no judgment based on issue number 6 and the judgment must be set aside. Additionally, defendant argues that because the jury found no proximate cause, their was no actual injury, and treble damages cannot follow.

Plaintiff argues that a finding of no proximate cause relating to the conduct in issue 6 did not preclude an award of damages because issues 3, 4, and 5 also support an award of damages. Plaintiff asserts that because the jury answered "yes" on issues 4 and 5, damages may follow and that the jury's findings on issues 4 and 5 also support a trebling of damages under G.S. 75-1.1.

After careful review of the jury issues and the verdict, we affirm. Issue number 8 relates proximate cause to conduct found in issue number 6 only, and the jury's answer in the negative precludes damages based on conduct defined in issue number 6. However, we agree with plaintiff that issues 3, 4 and 5 also support an award of damages. The jury found in issue number 4 that defendants had defrauded plaintiff with regard to the true nature of Eastland and its relationship to Pegram. The jury found in issue number 5 that the defendants had wrongfully interfered with plaintiff's employment relationship with Pegram. Issue number 9 asked "[b]y what amount has [plaintiff] been damaged by *any* wrongdoing found in response to the preceding issues regarding Eastland?" (Emphasis added.) The jury found damages in the amount of $88,000.00. Fraud and wrongful interference with contract clearly can support an award for damages, and a finding of no proximate cause as to conduct defined in issue number 6 did not preclude damages. Additionally, fraud and interference with employment relations can be the basis for a trebling of damages under G.S. 75-1.1 *et seq. See United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 370 S.E.2d 375 (1988), *appeal after remand*, 102 N.C. App. 484, 403 S.E.2d 104, *review allowed in part*, 330 N.C. 123, 409 S.E.2d 610 (1991), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993); *Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975). Accordingly, the assignment of error is overruled.

For the foregoing reasons, the judgment is in part reversed and remanded with directions to vacate the trial court's judgment relating to the Precision claim and for further proceedings to determine findings of fact as to the amount of the commercial bribe paid by Wilson and Precision to Pegram. The trial court should also reconsider whether attorney's fees should have been awarded on the Precision claim. The judgment relating to the Eastland claim is affirmed.

Reversed and remanded in part, affirmed in part.

Judges JOHN and TIMMONS-GOODSON concur.