FLEMING PRODUCE CORPORATION, A CORPORATION v. COVINGTON DIESEL, INC., A CORPORATION

No. 7429DC108

(Filed 17 April 1974)

1. **Appeal and Error § 30— broadside motion to strike testimony**
    The trial court erred in striking testimony of a witness where the motion to strike failed to point out the specific portions of the testimony which were objectionable and some of the testimony was competent and some was incompetent.

2. **Appeal and Error § 36— preparation of record on appeal — duty of appellee**
    While an appellant has the primary responsibility for the preparation of the record on appeal, an appellee has the responsibility of ascertaining that the record clearly sets forth things favorable to him that the appellate court is called upon to review.

3. **Negligence § 2— negligence arising from performance of contract**
    Plaintiff's evidence was sufficient for the jury in an action to recover for damages to plaintiff's tractor allegedly caused by defend-

ant's breach of contract by failing to replace all hoses related to the motor when defendant overhauled the motor.

APPEAL by plaintiff from *Hart, Judge,* 28 August 1973 Session of District Court held in HENDERSON County.

In this action plaintiff seeks to recover for damages to its Mack tractor allegedly resulting from failure of defendant to make proper repairs. In its complaint, plaintiff alleged: On or about 3 February 1971, plaintiff employed defendant to overhaul completely the motor in its tractor and particularly to replace all hoses related to the motor. Approximately two weeks later, defendant advised plaintiff the work had been completed, returned the tractor to plaintiff, and was paid $1,609.28 by plaintiff for its services. Some 90 days later, while the tractor was being used in the regular course of operations, one of the hoses comprising the cooling system of the motor burst, resulting in damage to the motor. Plaintiff determined that the hose that burst had not been replaced by defendant. Because of defendant's breach of contract and the results aforesaid, plaintiff had to have the motor overhauled again at a cost of $2,518.89. Plaintiff asks for judgment in that amount.

At the conclusion of plaintiff's evidence, defendant moved that certain testimony be stricken, and the motion was allowed. Defendant then moved for directed verdict under G.S. 1A-1, Rule 50(a) on the ground that the evidence was insufficient to permit a recovery. That motion was allowed and plaintiff appealed from judgment dismissing the action.

*Redden, Redden & Redden, by Monroe M. Redden and Monroe M. Redden, Jr., for plaintiff appellant.*

*Prince, Youngblood & Massagee, by Boyd B. Massagee, Jr., for defendant appellee.*

BRITT, Judge.

Plaintiff's first assignment of error relates to the striking of testimony offered by plaintiff. The record discloses:

"At the conclusion of the evidence of witness Fred Fleming, witness for the Plaintiff, the Defendant moves the Court to strike such portions of his testimony as follows:

"1. The truck which was the subject of litigation was being operated in North Carolina and a hose in said truck

burst; that as a result, the truck motor heated up and was damaged in North Carolina.

"2. The hoses offered into evidence came off of said truck after the damage occurred.

"The grounds of said motion are as follows:

"1. The testimony above set out was promptly objected to by the defendant.

"2. Witness Fleming on cross-examination stated that his knowledge of the testimony complained of was based on what he was told by his driver or others not parties hereto, and that he remained in Florida during all matters complained of herein."

The record then discloses: "The Motion is allowed and said evidence is stricken."

[1] The assignment of error is sustained. Although the record on appeal contains a stipulation "that the evidence objected to, as indicated by the motion to strike on page 19, was timely made by the defendant," we are unable to identify the "portions" of Fleming's testimony alluded to in the motion to strike. The only specific objection appearing in the record to any part of Fleming's testimony is to the last question asked on redirect examination. Several parts of his testimony relate to the bursting of a hose, resulting in the motor heating up, and the tractor being in North Carolina at the time; some of the testimony is competent, some is incompetent. Fleming's testimony on cross-examination tended to show that George Everett was driving the vehicle in Raleigh, or ten miles south of Raleigh, at the time the hose burst and that the motor heated up immediately thereafter. Certainly, defendant does not contend that his motion to strike included testimony brought out on cross-examination.

[2] While an appellant has the primary responsibility for the preparation of a record on appeal, an appellee has the responsibility of ascertaining that the record clearly sets forth things favorable to him that the appellate court is called upon to review. If the parties are unable to agree on the record on appeal, provision is made for the trial tribunal to settle the record.

On the record before us in the instant case, we hold that defendant's motion to strike was broadside and that the court erred in allowing it. 7 Strong, N. C. Index 2d, Trial, § 15, 277-281 (1968).

[3]　Plaintiff assigns as error the allowance of defendant's motion for directed verdict and the entry of judgment dismissing the action. This assignment of error is also sustained.

Considering the admissions in the pleadings and the evidence presented in the light most favorable to plaintiff, particularly in view of our sustaining the first assignment of error, we hold that the trial court erred in allowing defendant's motion for directed verdict and dismissing the action. No useful purpose would be served in summarizing the admissions and testimony here.

For the reasons stated, the judgment appealed from is

Reversed.

Judges HEDRICK and CARSON concur.