KINSEY CONTRACTING COMPANY, INC., PLAINTIFF v. CITY OF FAYETTE-
VILLE, A MUNICIPAL CORPORATION, DEFENDANT

No. 9112SC637

(Filed 2 June 1992)

1. **Municipal Corporations § 22 (NCI3d); Contracts § 11 (NCI3d) —
   letting of municipal contract — award standard — factors other
   than cost**

   The trial court did not err by concluding that plaintiff
   failed to show that defendant's rejection of its bid for a con-
   tract to build a pumping station was an abuse of discretion.
   The language in N.C.G.S. § 143-128(b), "the lowest responsible
   bidder or bidders," is construed to be an abbreviated reference
   to the general award standard set out in N.C.G.S. § 143-129,
   which allows consideration of various factors.

   **Am Jur 2d, Public works and contracts § 67.**

2. **Municipal Corporations § 22 (NCI3d); Contracts § 11 (NCI3d) —
   municipal contract — winning bidder not the lowest bidder —
   finding of no abuse of discretion — no error**

   The evidence supported the trial court's finding that the
   letting of a municipal contract to build a pumping station to
   the second lowest bidder was not an abuse of discretion. The
   consulting engineers supported their recommendation to de-
   fendant with a seven page document entitled "Discussion of
   Bids" and the trial court concluded based on the evidence
   before it that plaintiff had failed to show that the rejection
   was a result of any fraud, corruption, abuse of discretion or
   other improper motive.

   **Am Jur 2d, Public works and contracts § 76.**

APPEAL by plaintiff from order entered 24 April 1991 by *Judge
Giles R. Clark* in CUMBERLAND County Superior Court. Heard in
the Court of Appeals 15 April 1992.

Defendant advertised for bids for the construction of a project
known as the Cape Fear River Raw Water Pumping Station. Plain-
tiff was the low dollar bidder for the general construction contract,
bidding $3,954,847.00. Crowder Construction Company, Inc.
(Crowder), which bid $4,079,000.00, was the second lowest bidder.

Consulting engineers for defendant requested that both bidders submit information by 1 April 1991 to be used in determining whether plaintiff and Crowder were responsible bidders. Defendant reserved the right to reject any or all bids submitted in its advertisements for bids.

While plaintiff failed to supply all the requested information by the deadline, Crowder did so in a timely manner. After receiving this information the consulting engineers recommended the contract not be awarded to plaintiff, but rather to Crowder. Defendant followed this recommendation and awarded the contract to Crowder.

Plaintiff filed a complaint and obtained a temporary restraining order on 15 April 1991. At the show cause hearing on 22 April 1991 the trial court found defendant's rejection of plaintiff's bid proper in all respects, denied plaintiff's motion for a preliminary injunction, and dissolved plaintiff's temporary restraining order. From this order plaintiff appeals.

*Bryan, Jones, Johnson & Snow, by James M. Johnson, for plaintiff appellant.*

*Reid, Lewis, Deese & Nance, by Marland C. Reid, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff argues the trial court erred in concluding that plaintiff failed to show that defendant's rejection of its bid was an abuse of discretion under N.C. Gen. Stat. § 143-128 (1990). In reviewing the decision of a local government to award a public contract " '[i]t is a general rule that officers of a municipal corporation, in the letting of municipal contracts, perform not merely ministerial duties but duties of a judicial and discretionary nature, and that courts, in the absence of fraud or a palpable abuse of discretion, have no power to control their action.' " *Mullen v. Town of Louisburg,* 225 N.C. 53, 60, 33 S.E.2d 484, 488-89 (1945) (citations omitted).

The language upon which plaintiff relies in G.S. § 143-128(b) was added in 1989. When awarding contracts where the entire cost of the work exceeds one hundred thousand dollars, a municipality must "award the contract to the *lowest responsible bidder or bidders* for the total project." G.S. § 143-128(b) (emphasis added). Plaintiff contends that this award standard does not allow factors other

than cost to be taken into consideration and that defendant abused its discretion by considering other factors. We disagree.

While plaintiff argues "lowest responsible bidder" requires only that a contractor with the lowest bid have the proper license for the job, provide the necessary performance and payment bonds, and have adequate financial resources to perform the contract, the term "must be held to imply skill, judgment and integrity necessary to the faithful performance of the contract, as well as sufficient financial resources and ability." *McQuillin Mun. Corp.* § 29.73.05 (3d ed. revised 1990).

The general award standard for formal contracts is set out in N.C. Gen. Stat. § 143-129 and allows consideration of various factors. Given that this general award standard has been well established for many years, it is unlikely that the legislature would attempt to promulgate a new award standard by omitting part of the established standard's language, "taking into consideration quality, performance and the time specified in the proposals for the performance of the contract." G.S. § 143-129. We construe the language used in G.S. § 143-128(b), "the lowest responsible bidder or bidders," to be an abbreviated reference to the general award standard set out in G.S. § 143-129. *See also* A. Fleming Bell, II, *Construction Contracts with North Carolina Local Governments*, 14-15 (2d ed. 1991); Bluestein, *North Carolina's "Lowest Responsible Bidder" Standard for Awarding Public Contracts*, Popular Gov't, Winter 1992, at 16 n.1.

[2] Plaintiff next argues the trial court erred in finding no abuse of discretion by defendant because the evidence did not support this finding. Denial of a preliminary injunction is subject to *de novo* review based upon the facts and circumstances of the particular case. *Electrical South, Inc. v. Lewis*, 96 N.C. App. 160, 385 S.E.2d 352 (1989), *review denied*, 326 N.C. 595, 393 S.E.2d 876 (1990). When reviewing the evidence presented at the hearing, there is a presumption the trial court's decision was correct and the appellant has the burden of showing that the trial court erred. *Id.*

Defendant's consulting engineers requested that plaintiff and Crowder submit

by April 1, 1991, a list of references, a description of projects similar to the project under consideration, an experience record of projects completed by the bidders, a detailed inventory

of personnel and equipment proposed to be used on the project, a detailed resume of the resident superintendent responsible for the project, banking, insurance and bonding company references, a list of any pending claims filed against the bidder, a list of all current projects under contract and other information necessary for Black & Veatch [the consulting engineers] to determine whether the Plaintiff and Crowder Construction Company, Inc. were responsible bidders within the meaning of N.C.G.S. 143-129.

Two sections of the Instructions to Bidders, (B-1) qualification of bidders and (B-10) award of contract, listed factors that would be used in determining the bidder's qualifications. The trial court found that

Plaintiff has failed to submit to Black & Veatch a copy of an audited financial statement, a list of any pending claims, resumes of supervisory personnel which the Plaintiff intended to assign to the construction project, or the identity of the proposed excavation contractor the Plaintiff intended to use to perform the excavation work required by the contract. Crowder Construction Company, Inc. timely submitted all information requested by Black & Veatch.

The consulting engineers supported their recommendation to defendant with a seven page document entitled "Discussion of Bids." Based on the evidence before it the trial court concluded that "the Plaintiff has failed to show that the rejection of the low bid of the Plaintiff was a result of any fraud, corruption, abuse of discretion or any other improper motive on behalf of the defendants[.]" Upon our review of the evidence and the applicable statutes, we affirm the order of the trial court.

Affirmed.

Judges WELLS and EAGLES concur.