HARRY L. KING PLAINTIFF-APPELLANT v. NORTH CAROLINA DEPARTMENT OF TRANS-
PORTATION, DIVISION OF MOTOR VEHICLES, T.W. ANDERS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS DEPUTY DIRECTOR, ENFORCEMENT SECTION, DIVISION OF MOTOR
VEHICLES N.C. DEPARTMENT OF TRANSPORTATION, FRANK W. ARRANT, JR.,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT SUPERVISOR, ENFORCEMENT
SECTION, DIVISION OF MOTOR VEHICLES N.C. DEPARTMENT OF TRANSPORTATION, AND W.M.
NICHOLS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SERGEANT, DIVISION OF MOTOR
VEHICLES, N.C. DEPARTMENT OF TRANSPORTATION, DEFENDANT-APPELLEES

No. COA95-226

(Filed 5 March 1996)

**1. Conspiracy § 12 (NCI4th)— civil conspiracy alleged—mere
speculation—summary judgment proper**

The trial court did not err in granting summary judgment for
defendants on plaintiff's civil conspiracy claim which arose from
his dismissal as an employee of NCDOT where plaintiff presented
no more than mere speculation an agreement existed between
any two of the defendants to do an unlawful act.

**Am Jur 2d, Conspiracy §§ 49 et seq.**

**2. Judgments § 274 (NCI4th)— tortious interference with
contract—dismissal justified—issue previously litigated**

The trial court properly granted summary judgment for
defendants on plaintiff's tortious interference with contract claim
where plaintiff had previously fully litigated and lost the argu-
ment that his dismissal as an employee of NCDOT was not justi-
fied, and based on the doctrine of issue preclusion, he was barred
from re-litigating the issue.

**Am Jur 2d, Judgments §§ 415 et seq.**

**Plaintiff's right to file notice of dismissal under Rule
41(a)(1)(i) of Federal Rules of Civil Procedure. 54 ALR
Fed. 214.**

**3. Judgments § 274 (NCI4th)— racial discrimination—reliti-
gation of issue barred**

The trial court properly granted summary judgment for
defendants on plaintiff's racial discrimination claim, since the
issue of racial discrimination was addressed in plaintiff's prior
action, and issue preclusion barred its relitigation.

**Am Jur 2d, Judgments §§ 415 et seq.**

Appeal by plaintiff from judgment entered 10 November 1994 by
Judge Donald W. Stephens in Wake County Superior Court. Heard in
the Court of Appeals 17 November 1995.

## KING v. N.C. DEPT. OF TRANSPORTATION

[121 N.C. App. 706 (1996)]

*Rosenthal & Putterman, by Charles M. Putterman, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Hal F. Askins and Assistant Attorney General Bryan E. Beatty, for defendant-appellees.*

MARTIN, Mark D., Judge.

Plaintiff Harry King (King) appeals from grant of summary judgment in favor of defendant North Carolina Department of Transportation, Division of Motor Vehicles (NCDOT) and defendants T.W. Anders (Anders), Frank W. Arrant, Jr. (Arrant), and W.M. Nichols (Nichols), individually and in their official capacity.

On 18 April 1991 King was dismissed from his position with NCDOT. Pursuant to N.C. Gen. Stat. § 126, *et seq.*, King filed a contested case hearing (Case I). Administrative Law Judge Michael R. Morgan conducted an evidentiary hearing and, on 13 July 1992, issued a recommended decision concluding the dismissal was for "just cause." On 18 February 1993 the State Personnel Commission (SPC) adopted Judge Morgan's finding of "just cause." King appealed to the Wake County Superior Court, which affirmed the SPC's finding of "just cause." King prosecuted no further appeals in Case I.

On 25 August 1993 King filed another action (Case II) alleging wrongful discharge under federal anti-discrimination statutes and state tort theories. On 6 October 1994 the trial court, pursuant to N.C.R. Civ. P. 12(b)(1), (2), and (6), dismissed the majority of King's claims. On 10 November 1994 the trial court entered summary judgment in favor of defendants on King's remaining claims.

On appeal, King contends the trial court erred by granting summary judgment on his: (1) civil conspiracy and tortious interference with economic relations claims because genuine issues of material fact exist; and (2) Title VII and 42 U.S.C. § 1983 claims as those claims were not precluded by *res judicata* or collateral estoppel.

At the outset we note a trial court's grant of summary judgment is fully reviewable by this Court because the trial court rules only on questions of law. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

I.

[1] We first consider King's allegation a genuine issue of material fact existed regarding his civil conspiracy claim.

To recover damages resulting from a civil conspiracy, King must prove: (1) there was "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way"; and (2) "as a result of acts done in furtherance of, and pursuant to, the agreement" he suffered damage. *Lenzer v. Flaherty*, 106 N.C App. 496, 510-511, 418 S.E.2d 276, 285 (*quoting Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987) (citations omitted)), *disc. review denied*, 332 N.C. 345, 421 S.E.2d 348 (1992). ₀

It is well settled that an allegation, without any supporting facts, is insufficient to withstand summary judgment. *Friel v. Angell Care Inc.*, 113 N.C. App. 505, 510, 440 S.E.2d 111, 114 (1994). Put simply, "[a] party cannot prevail against a motion for summary judgment by relying on 'conclusory allegations, unsupported by facts.' " *Id.* (*quoting Campbell v. Board of Education of Catawba Co.*, 76 N.C. App. 495, 498, 333 S.E.2d 507, 510 (1985), *disc. review denied*, 315 N.C. 390, 338 S.E.2d 878 (1986)).

We believe, after carefully reviewing the present record, that King presented no more than mere speculation an agreement existed between any two of the defendants to do an unlawful act. Therefore, we find King failed to proffer sufficient evidence an agreement existed between any two defendants and, accordingly, affirm the trial court's grant of summary judgment on King's civil conspiracy claim.

## II.

We next consider whether the trial court erred in granting summary judgment to defendants on King's tortious interference with economic relations, Title VII, and 42 U.S.C. § 1983 claims.

A defendant is entitled to judgment as a matter of law if it can establish "plaintiff cannot overcome an affirmative defense or legal bar to a claim." *Wilder v. Hobson*, 101 N.C. App. 199, 201, 398 S.E.2d 625, 627 (1990). The companion doctrines of claim preclusion and issue preclusion—legal bars to a claim—were "developed by the courts . . . to serve the present-day dual purpose of protecting litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986).

Claim preclusion forecloses subsequent prosecution of an entire cause of action if, (1) a previous suit resulted in a final judgment on the merits, (2) the present suit involves the same cause of action, and is (3) between the same parties or those in privity with them. *Thomas M. McInnis*, 318 N.C. at 429, 349 S.E.2d at 557.

Issue preclusion, on the other hand, operates to bar re-litigation of a single issue within a cause of action where the following requirements are met:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Johnson v. Smith*, 97 N.C. App. 450, 452-453, 388 S.E.2d 582, 583-584 (*quoting King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973)), *disc. review denied*, 326 N.C. 596, 393 S.E.2d 878 (1990).

## A.

**[2]**  We now consider whether the doctrine of issue preclusion bars King from prosecuting his tortious interference with contract claim.

The five elements of the *prima facie* case for tortious interference with contract are:

> First, that a valid contract existed between the plaintiff and a third person, conferring upon the plaintiff some contractual right against the third person. Second, that the outsider had knowledge of the plaintiff's contract with the third person. Third, that the outsider intentionally induced the third person not to perform his contract with the plaintiff. Fourth, that in so doing the outsider acted without justification. Fifth, that the outsider's act caused the plaintiff actual damages.

*Lenzer*, 106 N.C. App. at 512, 418 S.E.2d at 286 (*quoting Childress v. Abeles*, 240 N.C. 667, 674, 84 S.E.2d 176, 181 (1954), *reh'g dismissed*, 242 N.C. 123, 86 S.E.2d 916 (1955)).

Initially we note, were it not for the dispositive effect of issue preclusion, the classification of Anders, Arrant, and Nichols as "non-outsiders," with the attendant qualified immunity, would merit consideration. *See, e.g., Smith v. Ford Motor Co.*, 289 N.C. 71, 87-88, 221 S.E.2d 282, 292-293 (1976).

In any event, Case I established King was dismissed for "just cause." It is beyond question the finding of "just cause" was integral to upholding King's dismissal. *See* N.C. Gen. Stat. § 126-35(a) (1995) (career State employees cannot be dismissed without "just cause"). Put simply, in Case I, King fully litigated, and lost, the argument his dis-

missal was not justified. Therefore, based on the doctrine of issue preclusion, we conclude King is barred from re-litigating whether his dismissal was justified and, accordingly, affirm the trial court's grant of summary judgment on King's tortious interference with contract claim.

B.

[3] Finally, we must determine whether the trial court appropriately granted summary judgment on King's Title VII and 42 U.S.C. § 1983 claims.

Defendants contend either claim preclusion or issue preclusion applies in the present case because, among other things, the "just cause" determination in Case I necessarily resolved the issue of whether King's duty assignment was racially motivated—the crux of King's racial discrimination claims.

We note claim preclusion does not bar racial discrimination claims filed after a finding of "just cause." *See Davenport v. North Carolina Dept. of Transp.*, 3 F.3d 89, 94-95 (4th Cir. 1993); *Crump v. Bd. of Education*, 326 N.C. 603, 612-613, 392 S.E.2d 579, 583-584 (1990), *disc. review denied*, 332 N.C. 665, 424 S.E.2d 400, *recons. dismissed*, 333 N.C. 166, 424 S.E.2d 908 (1992); *Spry v. Winston-Salem/Forsyth Bd. of Educ.*, 105 N.C. App. 269, 273, 412 S.E.2d 687, 689, *aff'd*, 332 N.C. 661, 422 S.E.2d 575 (1992). Therefore, only the potential applicability of issue preclusion to the present case merits consideration. *See Davenport*, 3 F.3d at 97 n. 9.

King maintained before the SPC, and now argues to this Court, "that he did not base his employment appeal on any claim of discrimination against him . . . ." A party's unilateral recitation of an intention to reserve an issue, however, has no affect on the applicability of issue preclusion where the record indicates the issue was actually litigated in, and necessary to the outcome of, the prior case. *See Thomas M. McInnis*, 318 N.C. at 428, 349 S.E.2d at 557.

In cases involving claim preclusion or issue preclusion, we note the better course is to include a transcript of the prior proceedings in the appellate record. *See Cellu Products Co. v. G.T.E. Products Corp.*, 81 N.C. App. 474, 477-478, 344 S.E.2d 566, 568 (1986) (this Court can only "judicially know what appears of record"); *Produce Corp. v. Covington Diesel*, 21 N.C. App. 313, 315, 204 S.E.2d 232, 234, *cert. denied*, 285 N.C. 590, 205 S.E.2d 721 (1974) (where defendant asserts affirmative defense, it must ensure record contains all facts necessary for review). Nevertheless, after careful review of the record, including the recommended decision issued by Administrative Law Judge Michael R. Morgan, we believe the present record is sufficient

to determine whether King actually litigated the racial discrimination issue in Case I.

It is undisputed that King was dismissed for insubordination, which the Policies and Procedures Manual of the DMV Enforcement Section defines, in pertinent part, as "[t]he failure or deliberate refusal of any member to obey any lawful order given by any superior officer . . . ." (emphasis added). Judge Morgan concluded, in his recommended decision, that King committed insubordination "through his deliberate refusal to obey the lawful order given to him by his supervisor . . . to perform a license plate inventory . . . ." (emphasis added). The SPC thereafter adopted this finding in its decision and order.

Assuming evidence of racial discrimination was actually presented during Case I, the administrative law judge and the SPC necessarily resolved, in defendants favor, any allegations made by King that his assignment was racially discriminatory and therefore unlawful. See In re Rogers, 297 N.C. 48, 56, 253 S.E.2d 912, 918 (1979) (Administrative agencies must find facts and reach conclusions on the "factual issues [] presented" by the parties).

The present record discloses that King testified: he was "the sole black process officer in the Raleigh office"; he "told Arrant that there was an apparent racial problem [with duty assignments] . . . ."; and, in fact, "the entire matter was racially motivated." It is apparent from these findings King presented evidence during Case I that he was assigned inventory duty because of racial animus among his superiors. Therefore, under Rogers, we believe Judge Morgan, and the SPC, necessarily resolved the issue of racial discrimination by concluding the duty assignment was lawful.

Accordingly, because we conclude, as the trial court determined, that issue preclusion bars relitigation of the racial discrimination issue,[1] we affirm the trial court's grant of summary judgment on King's Title VII and 42 U.S.C. § 1983 claims.

Affirmed.

Judges LEWIS and JOHN concur.

---

1. We note that issue preclusion only operates as a bar where, as here, plaintiff, as master of his case-in-chief, elects to proffer evidence that racial discrimination precludes a finding of "just cause" for his dismissal.