RONALD G. HINSON ELECTRIC, INC., PLAINTIFF-APPELLANT v. UNION COUNTY
BOARD OF EDUCATION, DEFENDANT-APPELLEE

No. COA96-512

·(Filed 18 February 1997)

1. **Public Works and Contracts § 47 (NCI4th)— renovation of elementary school media centers—electrical work—ex parte communications—bidding reopened—summary judgment for Board erroneous**

   The trial court erred by granting summary judgment in favor of the Board of Education and by denying the plaintiff's motion for a preliminary injunction in an action seeking declaratory and injunctive relief arising from electrical bids for the renovation of the media centers at two elementary schools where the Board had received three bids on 2 November, the third was received late and was not opened, plaintiff's was the lower of the two bids opened, the project architect allegedly engaged in an *ex parte* conversation with a representative of the company with the late bid and learned that their bid would have been substantially less, the architect reported to the Board that he believed the bids were too high, the bidding was reopened, and the third company was awarded the electrical component of the work. The trial court was presented with and considered matters outside the pleadings, converting the Board's motion to dismiss into a motion for summary judgment. The specific provisions of N.C.G.S. § 143-132(a) govern this action over N.C.G.S. § 143-129, and the plain language of N.C.G.S. § 143-132 vested the Board with broad discretion to accept or reject any number, or all, of the 2 November bids. However, the statutory discretion accorded local boards or governing bodies is not without limitation, and the evidence, viewed in the light most favorable to the non-moving party, raises a genuine issue of material fact as to the propriety of the exercise of the Board's discretion.

   **Am Jur 2d, Public Works & Contracts §§ 54 et seq.**

2. **Injunctions § 43 (NCI4th)— restraining order dissolved— damages—unsworn statement of counsel—not evidence**

   The trial court erred in awarding damages in dissolving a restraining order by relying upon the unsworn statement of counsel. Such statements by a party's attorney at trial are not considered evidence.

   **Am Jur 2d, Injunctions §§ 323 et seq.**

RONALD G. HINSON ELECTRIC, INC. v. UNION COUNTY BD. OF EDUC.

[125 N.C. App. 373 (1997)]

Appeal by plaintiff from order signed 18 December 1995 by Judge H. W. Zimmerman, Jr., in Union County Superior Court. Heard in the Court of Appeals 15 January 1997.

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Henry W. Jones, Jr., and A. Hope Derby, for plaintiff-appellant.*

*Koy E. Dawkins, P.A., by Koy E. Dawkins and Steven D. Starnes, for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff Ronald G. Hinson Electric, Inc. (Hinson), appeals from the trial court's order dismissing its complaint, dissolving a temporary restraining order, denying all other injunctive relief, and awarding defendant Union County Board of Education (the Board) $500 in damages.

In mid-October 1995 the Board solicited bids for an addition and renovation of the media centers at New Salem and Wingate elementary schools in Union County, North Carolina (the project). On 26 October 1995, after reviewing the properly submitted bids, the Board awarded the general and mechanical components of the project to prime contractors. No bids for the electrical component of the project were received. The electrical component was subsequently rebid.

At the 2 November 1995 bid opening the Board received two electrical bids—Hinson's bid in the amount of $126,400, and Spence Electric's (Spence) bid for $131,000. A third bid, submitted by Sentry Electric (Sentry), was received late and was neither opened nor considered. At some point after the bids were opened, Frank Williams (Williams), project architect, allegedly engaged in an *ex parte* conversation with a representative of Sentry who indicated "their price would have been under $100,000."

Williams subsequently reported to the Board that he believed the 2 November bids were too high. The Board, based on William's recommendation, rejected the 2 November bids and re-opened the bidding for the electrical component of the project.

At the 21 November 1995 bid opening the Board received three bids: Hinson re-submitted its bid of $126,400 under protest; Spence submitted a bid of $121,800; and Sentry submitted a bid of $109,700. Based on the 21 November bids, the Board awarded the electrical component of the project to Sentry.

RONALD G. HINSON ELECTRIC, INC. v. UNION COUNTY BD. OF EDUC.

[125 N.C. App. 373 (1997)]

On 11 December 1995 Hinson filed a complaint seeking declaratory and injunctive relief and obtained a temporary restraining order preventing the Board from entering a contract for the electrical component of the project. The Board filed, along with its answer, a motion to dismiss Hinson's complaint for failure to state a claim upon which relief can be granted.

On 18 December 1995 the trial court, after hearing, dismissed Hinson's complaint, dissolved the temporary restraining order, denied any further injunctive relief, and awarded the Board $500 in damages.

On appeal Hinson contends, among other things, the trial court erred by (1) dismissing Hinson's complaint, (2) dissolving Hinson's temporary restraining order and denying its motion for a preliminary injunction, and (3) awarding damages to the Board.

At the outset we note our review is limited to the "record on appeal and the verbatim transcript of proceedings . . . ." N.C.R. App. P. 9(a); *Cellu Products Co. v. G.T.E. Products Corp.*, 81 N.C. App. 474, 477-478, 344 S.E.2d 566, 568 (1986). A party's brief is not a part of the record on appeal. *West v. Reddick, Inc.*, 48 N.C. App. 135, 137, 268 S.E.2d 235, 236 (1980), *rev'd on other grounds*, 302 N.C. 201, 274 S.E.2d 221 (1981). Furthermore, it is the responsibility of each party to ensure the record on appeal clearly sets forth evidence favorable to that party's position. *Produce Corp. v. Covington Diesel*, 21 N.C. App. 313, 315, 204 S.E.2d 232, 234, *cert. denied*, 285 N.C. 590, 205 S.E.2d 721 (1974); *Drouillard v. Keister Williams Newspaper Services*, 108 N.C. App. 169, 173, 423 S.E.2d 324, 327 (1992), *disc. review denied and appeal dismissed*, 333 N.C. 344, 427 S.E.2d 617 (1993). The Board failed to include certain exhibits presented to the trial court in the record on appeal. Accordingly, we cannot consider those portions of the exhibits not included in the record.

I.

[1] Hinson first contends the trial court erred by granting the Board's motion to dismiss. Specifically, Hinson argues N.C. Gen. Stat. § 143-129 required the Board to award the electrical component of the project to Hinson.

During the 18 December hearing, the trial court was presented with, and considered, matters outside the pleadings. The Board's motion to dismiss must therefore "be treated as a motion for summary judgment and disposed of in the manner and on the conditions

376 IN THE COURT OF APPEALS

RONALD G. HINSON ELECTRIC, INC. v. UNION COUNTY BD. OF EDUC.

[125 N.C. App. 373 (1997)]

stated in G.S. 1A-1, Rule 56." *Roach v. City of Lenoir*, 44 N.C. App. 608, 609, 261 S.E.2d 299, 300 (1980). When ruling on a motion for summary judgment, the evidence must be considered in the light most favorable to the non-moving party. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). The motion should be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 62, 414 S.E.2d at 341.

Chapter 143, Article 8 of the General Statutes governs the award of public contracts in North Carolina. Section 143-129 generally requires, among other things, that competitive bidding be used for "construction or repair work requiring the estimated expenditure of public money in an amount equal to or more than one hundred thousand dollars ($100,000) . . . ." N.C. Gen. Stat. § 143-129(a) (1995).

In addition, section 143-129 also prescribes the following:

> Proposals shall not be rejected for the purpose of evading the provisions of this Article. . . .

> All proposals shall be opened in public and shall be recorded on the minutes of the board or governing body and <u>the award shall be made to the lowest responsible bidder or bidders, taking into consideration quality, performance, and the time specified in the proposals for the performance of the contract</u>.

N.C. Gen. Stat. § 143-129(b) (emphasis added).

N.C. Gen. Stat. § 143-132(a), on the other hand, provides in pertinent part:

> [I]f after advertisement for bids as required by G.S. 143-129, not as many as three competitive bids have been received from reputable and qualified contractors regularly engaged in their respective lines of endeavor, said board . . . shall again advertise for bids; and if as a result of such second advertisement, not as many as three competitive bids from reputable and qualified contractors are received, such board or governing body <u>may</u> then let the contract to the lowest responsible bidder submitting a bid for such project, even though only one bid is received.

*Id.* (1995) (emphasis added).

Despite Hinson's contention section 143-129 controls, we believe the more specific provisions of N.C. Gen. Stat. § 143-132(a) govern

RONALD G. HINSON ELECTRIC, INC. v. UNION COUNTY BD. OF EDUC.

[125 N.C. App. 373 (1997)]

resolution of the instant action. *See Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) ("[i]t is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application."); *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-629, 151 S.E.2d 582, 586 (1966) (same).

As a general rule, "when the word 'may' is used in a statute, it will be construed as permissive and not mandatory." *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978). The plain language of section 143-132 thus vested the Board with broad discretion to accept or reject any number, or all, of the 2 November bids. *See Mullen v. Louisburg*, 225 N.C. 53, 60, 33 S.E.2d 484, 488 (1945) (" 'It is a general rule that officers of a municipal corporation, in the letting of municipal contracts, perform not merely ministerial duties but duties of a judicial and discretionary nature, and that courts, in the absence of fraud or a palpable abuse of discretion, have no power to control their action.' ") (citations omitted); *Kinsey Contracting Co. v. City of Fayetteville*, 106 N.C. App. 383, 384, 416 S.E.2d 607, 608, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 149 (1992). *See also* 64 AM. JUR. 2D *Public Works and Contracts* § 76 (1972); A. Fleming Bell, II, *Construction Contracts with North Carolina Local Governments*, 23-25 (3d ed. 1996).

The statutory discretion accorded local boards or governing bodies, however, is not without limitation. Indeed, the purpose of the public contract bidding laws is "to prevent favoritism, corruption, fraud, and imposition in the awarding of public contracts by giving notice to prospective bidders and thus assuring competition which in turn guarantees fair play and reasonable prices in contracts involving the expenditure of a substantial amount of public money." *Mullen*, 225 N.C. at 58-59, 33 S.E.2d at 487.

Hinson contends the Board's decision to re-bid the electrical component of the project based upon William's recommendation— after the alleged *ex parte* communication between Williams and Sentry—constituted favoritism and an abuse of discretion by the Board. According to the affidavit of Ronald G. Hinson:

> On or about November 10, 1995, I telephoned Frank Williams, the architect for the Union County School Board project to renovate media centers at the New Salem and Wingate Elementary Schools. I asked Mr. Williams why he was recommending a rebid

RONALD G. HINSON ELECTRIC, INC. v. UNION COUNTY BD. OF EDUC.

[125 N.C. App. 373 (1997)]

for the electrical component of the Project after my low bid was received on November 2, 1995. Mr. Williams told me that he had spoken with a representative of Sentry Electric and Mr. Williams told me that if he had opened Sentry's bid, "their price would have been under $100,000."

This evidence, viewed in the light most favorable to the non-moving party, raises a genuine issue of material fact as to the propriety of the exercise of the Board's discretion in rejecting Hinson's bid. Accordingly, the trial court erred by granting summary judgment in favor of the Board.

## II.

Hinson next contends the trial court erred by dissolving the temporary restraining order and denying Hinson's motion for a preliminary injunction.

In its 18 December order, the trial court granted summary judgment to the Board and, as a consequence, summarily denied Hinson's motion for a preliminary injunction. Because we reverse the trial court's grant of summary judgment, we also reverse the trial court's denial of Hinson's motion for a preliminary injunction and remand for reconsideration in light of our disposition.

## III.

[2] Hinson also contends the trial court erred by awarding the Board $500 in damages, the full amount of the bond securing Hinson's restraining order.

Rule 65(e) of the North Carolina Rules of Civil Procedure provides:

An order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction . . . without a showing of malice or want of probable cause in procuring the injunction. The damages may be determined by the judge, or he may direct that they be determined by a referee or jury.

N.C. Gen. Stat. § 1A-1, Rule 65(e) (1990).

Hinson argues the trial court's finding of fact number seventeen is unsupported by competent evidence in the record. Finding of fact number seventeen provides:

17. [The Board] sustained damages in the amount of SEVEN HUNDRED FIFTY DOLLARS ($750.00). These damages are the direct result of the restraining order issued on 11 December 1995.

It is well settled the trial court's findings of fact are conclusive on appeal if supported by competent evidence in the record. *Institution Food House v. Circus Hall of Cream*, 107 N.C. App. 552, 556, 421 S.E.2d 370, 372 (1992). The present record indicates the trial court relied upon the unsworn statement of counsel that the Board suffered "about seven fifty" in damages in making finding of fact number seventeen. Such statements by a party's attorney at trial are not considered evidence. *Huss v. Huss*, 31 N.C. App. 463, 466, 230 S.E.2d 159, 161 (1976). Thus, as finding of fact seventeen was not based on competent evidence, the corresponding conclusions of law are likewise erroneous. Accordingly, we reverse the trial court's award of damages.

Finally, after carefully reviewing Hinson's remaining assignments of error, we conclude they are wholly without merit.

Reversed and remanded with instructions.

Judges LEWIS and WALKER concur.