STATE v. MARTIN

[230 N.C. App. 571 (2013)]

STATE OF NORTH CAROLINA
v.
JAMAR ANTONIO MARTIN

No. COA13-374

Filed 19 November 2013

1. **Appeal and Error—record—documents not included—not considered**

    The trial court did not erroneously assign prior record points where defendant argued that two prior convictions had occurred on the same day, but the convictions appeared to have been separated by three months. The documents relied upon by defendant (copies of a plea transcript and judgment) were attached to his brief but could not be considered because they were not part of the record on appeal.

2. **Sentencing—erroneous prior record point—not prejudicial**

    The trial court's erroneous assignment of one prior record point was not prejudicial because it did not change defendant's offender level.

Appeal by defendant from judgments entered 10 January 2013 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 23 October 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Daphne D. Edwards, for the State.*

*Attorney Winifred H. Dillon for defendant.*

Elmore, Judge.

On 10 January 2013, a jury found Jamar Martin (defendant) guilty of possession of a firearm by a felon, assault with a deadly weapon inflicting serious injury, robbery with a dangerous weapon, and discharging a weapon into occupied property inflicting serious injury. The trial court sentenced defendant as a prior record level five offender (level V offender) in the presumptive range with consecutive terms of 127 to 165 months, 111 to 146 months, 44 to 65 months, and 22 to 36 months imprisonment. Defendant now appeals and raises as error the trial court's determination that he was a level V offender. After careful consideration, we conclude that the trial court did not commit prejudicial error.

## I. Facts

At sentencing, the trial court determined that defendant was a level V offender with 15 prior record points. Defendant was assigned: four points for possession of a firearm by a convicted felon (Class G felony); six points for two convictions of possession with intent to sell and deliver cocaine (PWISD) and one conviction of possession of a stolen motor vehicle (three Class H felonies); four points for convictions of breaking and entering, weapons on educational property, assault on a female, and possession of drug paraphernalia (four Class A1 or 1 misdemeanors); and one point for committing the offenses while on probation.

The sentencing worksheet indicated that defendant's convictions for breaking and entering (No. 08 CRS 1497) and possession of a stolen vehicle (No. 08 CRS 21497) both occurred on 3 February 2009, the possession of a firearm by a felon (No. 11 CRS 3619) on 4 January 2012, and PWISD Cocaine (No. 11 CRS 3620) on 4 April 2012. Defendant signed the sentencing worksheet and stipulated to these convictions.

## II. Analysis

### a.) Felony PWISD Cocaine

[1] Defendant first argues that the trial court erroneously assigned two points for PWISD cocaine (No. 11 CRS 3620) because this conviction actually occurred on 4 January 2012, the same day as his conviction for possession of a firearm by a felon (No. 11 CRS 3619). We disagree.

"Conclusions of law are reviewed *de novo* and are subject to full review." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011); *see also Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal."). "The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citation omitted). Furthermore, "[a]lthough defendant's stipulation as to prior record level is sufficient evidence for sentencing at [the trial court] (per N.C. Gen. Stat. § 15A-1340.14(d)(1))," the trial court's designation of a defendant's record level is a conclusion of law, which we shall review *de novo. State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). A defendant properly preserves the issue of a sentencing error on appeal despite his failure to object during the sentencing hearing. *State v. Morgan*, 164 N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004). Erroneous calculation of a defendant's point total is harmless error when, despite the error, the

defendant remains in the same record level. *State v. Smith*, 139 N.C. App. 209, 220, 533 S.E.2d 518, 524 (2000).

The prior record level for a felony offender during sentencing is determined by "the sum of the points assigned to each of the offender's prior convictions[.]" N.C. Gen. Stat. § 15A-1340.14 (2011). A level IV offender has between 10-13 points, whereas a level V offender has a minimum of 14 and no more than 17 points. *Id.* However, "if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used." *Id.*

Here, the record on appeal contains the prior record level worksheet that was completed by the trial court and stipulated to by defendant. Under the section titled "PRIOR CONVICTION[,]" the form shows a conviction for 1.) possession of a firearm by a felon (No. 11 CRS 3619) on 4 January 2012 and 2.) PWISD Cocaine (No. 11 CRS 3620) on 4 April 2012. Based on the information presented to the trial court, the convictions appeared to have been separated by three months. Nothing in the record indicates that the trial court erroneously added two 4 January 2012 convictions in calculating defendant's record level. Thus, the trial court properly assigned two points for the PWISD cocaine conviction and four points for the possession of a firearm by a felon conviction.

More importantly, the only documents that defendant provides in support of his argument that the two convictions occurred on different weeks are copies of a plea transcript and judgment, which are attached to his brief. However, we cannot consider these documents because they are not part of the record on appeal. *See* N.C.R. App. P. Rule 9(a) (Review of "appeals from the trial division of the General Court of Justice . . . is solely upon the record on appeal[.]"); *See also Ronald G. Hinson Elec., Inc. v. Union Cnty. Bd. of Educ.*, 125 N.C. App. 373, 375, 481 S.E.2d 326, 328 (1997) (ruling that the briefs of the parties are not part of the record, and a party's failure to "include certain exhibits presented to the trial court in the record on appeal" precluded appellate review of those exhibits).

Defendant's issue on appeal exclusively relies on documents outside the record. Accordingly, defendant has not shown that the trial court erred in allocating two points for defendant's PWISD cocaine conviction. *See Hicks v. Alford*, 156 N.C. App. 384, 390, 576 S.E.2d 410, 414 (2003) ("An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.").

### b.) Misdemeanor Breaking and Entering

**[2]** Defendant also argues that the trial court erroneously assigned one point for misdemeanor breaking and entering. We agree that the trial court erred. However, its error was harmless.

Based on defendant's prior record level worksheet, defendant was given one point for misdemeanor breaking and entering (08 CRS 1497), which had a conviction date of 3 February 2009. Defendant was also assigned two points for a felony possession of a stolen vehicle (08 CRS 1497) conviction that occurred on the same date. Thus, the conviction for breaking and entering should not have been used in calculating defendant's prior record level because both convictions occurred on the same day, and the felony possession of a stolen vehicle conviction had the higher point total. Accordingly, the inclusion of defendant's conviction for misdemeanor breaking and entering erroneously added one point to his prior record level. *See* N.C. Gen. Stat. § 15A-1340.14(d) (2011). However, this error was harmless because once the erroneous additional point is taken away, defendant still remains a level V offender with 14 points. *See Smith, supra.* Therefore, we hold that the trial court did not commit prejudicial error in determining defendant's prior record level by including defendant's breaking and entering conviction in its calculation.

### III. Conclusion

In sum, the trial court did not err in assigning two points for defendant's prior conviction for PWISD cocaine (11 CRS 3620) because nothing in the record shows that the conviction date was on 4 January 2012. The trial court erroneously assigned one point for defendant's breaking and entering conviction, but this error was harmless because once the conviction is omitted from defendant's record level calculation, he is still a level V offender with 14 points.

No prejudicial error.

Judges McCULLOUGH and DAVIS concur.